## BOARD OF COM'RS OF HAMILTON COUNTY v. SHERWOOD.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1894.)

No. 379.

1. WRIT OF ERROR—REVIEW—WAIVER OF JURY—SPECIAL FINDINGS.

A jury was waived by stipulation, and the case referred to a referee for trial, who filed a report containing his findings of fact and conclusions of law. The court then adopted each finding of fact made by the referee as findings of fact made by the court. *Held* that, on a writ of error to the judgment of the court, the questions for review were those only which

might have been reviewed if the trial had actually taken place before the court under written stipulation waiving a jury, and the court had made special findings of fact.

**2. SAME—DEMURRER—WAIVER BY ANSWERING OVER.**
Answering over and going to trial on the merits after a demurrer is overruled waives the point raised by the demurrer, where there is not an utter failure to state a cause of action, but a mere incompleteness or uncertainty of averment,—a failure to state some fact which should have been stated to make a technically good declaration or complaint.

**3. SAME—OBJECTIONS TO EVIDENCE—INDEFINITENESS.**
Objection made at the opening of the trial of an action at law, before a referee (a jury being waived), to the taking of any evidence, "for the reason that the petition failed to state facts sufficient to constitute a cause of action," is too vague and· uncertain to be of any avail, as it fails to advise either the referee or the opposite party of the particular defect which rendered the petition insufficient. Sanborn, Circuit Judge, dissenting.

**4. SAME—VALIDITY OF COUNTY WARRANTS—ITEMIZED ACCOUNTS.**
Whether accounts for which county warrants sued on were issued were sufficiently itemized, as required by the statute (Gen. St. Kan. 1889, c. 25, § 28), to authorize the issuance of the warrants by the county commissioners, cannot be determined by a reviewing ·court, where the cause was tried without a jury, but the accounts or vouchers were not incorporated in the special findings, and the only findings in regard thereto were that the various vouchers were "itemized," "duly itemized," and, in some cases, "not very definitely itemized."

**5. SAME—UNVERIFIED ACCOUNTS.**
A county warrant issued by the board of county commissioners for an account which was not verified, though verification is required by the statute, is· not utterly void; and a recovery may be had thereon unless it is shown to have been issued fraudulently, or without consideration, or for an indebtedness which the board was not authorized to contract.

**6. SAME—WARRANTS FOR CLERK HIRE—COUNTY CLERK'S SALARY.**
County warrants issued to a person hired by a county clerk to make out the tax roll of the county, and for extra clerk hire, are void, where the statute provides that the salary allowed the clerk shall be "in full of all services whatsoever by law required to be performed in his office." Gen. St. Kan. 1889, c. 39, § 12.

**7. SAME—WARRANTS TO COMMISSIONERS FOR SPECIAL SERVICES.**
A county warrant issued to one of the county commissioners for special services rendered "in certain county seat contest cases" is not rendered invalid by the mere fact that the services are found to have been rendered outside the county, nor can the court say that the county could in no event have such an interest in a county-seat contest that the commissioners would have authority to incur expenses in connection therewith.

In Error to the Circuit Court of the United States for the District of Kansas.

George Getty (C. N. Sterry, on the brief), for plaintiff in error.
Almerin Gillett, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was a suit on 63 county warrants that were issued for various purposes by the order of the board of county commissioners of the county of Hamilton, state of Kansas, during the years 1886 and 1887, and that had been duly assigned to James K. O. Sherwood, the defendant in error, who was the plaintiff in the circuit court. The petition contained 63 counts, each warrant having been declared upon separately. A written stipu-

lation was filed, waiving a jury, and the cause was referred to a referee for trial, who subsequently filed a written report containing his findings of fact and conclusions of law. The record shows that the circuit court "adopted each finding of fact made by the referee as findings of fact made by the court," and in view of that statement we have treated the case precisely as if it came to this court on a special finding of facts made by the trial court. Boogher v. Insurance Co., 103 U. S. 90. The questions open for review on the writ of error that has been sued out are those, and none other, which might have been reviewed if the trial had actually taken place before the court under a written stipulation waiving a jury, and the court had made a special finding of the facts.

The statutes of Kansas, like the statutes of many other states, provide, in substance, that county treasurers shall pay warrants presented to them for payment, and shall mark the same "Paid," if there is money then in their possession sufficient to pay the same, and, if not, that they shall certify that fact on the back of the warrants presented, with the date of presentation, and that they shall also keep in a book a record of all warrants presented, showing the number, date, and amount of the warrant, and when presented and to whom payable, and that all warrants shall be paid in the order of their presentation, when funds come to their hands. Gen. St. Kan. 1889, c. 25, § 69.

The first point urged upon our attention is that a demurrer interposed to the petition on the ground that it did not state a cause of action should have been sustained, because there was no averment found in the petition that when the suit was commenced the county treasurer had money sufficient to pay the warrants, or that a sufficient time had elapsed for the collection of money wherewith to pay them. We need not stop to determine the merits of this contention, because the record shows that the county did not stand upon its demurrer when it was overruled, but answered the petition, and entered into a long, expensive, and tedious trial, whereby it waived the point raised by the demurrer, even if it had merit. We have once or twice decided, in accordance with the rule which now generally prevails, that a demurrer will ordinarily be waived by answering to the merits. Where it is apparent that the transaction out of which a cause of action is supposed to have originated could not give rise to a meritorious cause of action, the rule is, of course, different; but a mere incompleteness or uncertainty of averment—a failure to state some fact which should have been stated, to make a technically good declaration or complaint—will be of no avail in this court when it appears that after a demurrer was overruled the party answered to the merits, and went to trial on issues raised by his answer. Rush v. Newman, 7 C. C. A. 136, 139, 58 Fed. 158, and cases there cited; City of Plankinton v. Gray (decided at this term) 63 Fed. 415, and cases therein cited. In the present case the plaintiff in error attempted to save the same point last mentioned, after his demurrer had been overruled, and after he had answered, by an oral objection made before the referee "to the taking of any evidence for the reason that the petition failed to state facts suffi-

cient to constitute a cause of action or causes of action;" but even if the objection to the petition had not been already waived by answering over, as already decided, this latter objection was too vague and general to be of any avail. It did not advise either the referee or the opposite party of the particular defect in the petition which rendered it insufficient. It was simply a snare laid in the pathway of the unwary. We refer to what was said on that subject in Insurance Co. v. Miller, 8 C. C. A. 612, 614, 60 Fed. 254.

An objection is made to a large number of the warrants in suit upon the ground that the claims or accounts upon which they were issued were not sufficiently itemized to satisfy the requirements of the Kansas statute. The statute provides, in substance, that no account shall be allowed by the board of county commissioners "unless the same shall be made out in separate items and the nature of each item stated," etc. Gen. St. Kan. 1889, c. 25, § 28. The precise contention is that many of the claims when presented to the board of county commissioners for allowance were not itemized, or were not sufficiently itemized to conform to the statute, and that the warrants issued thereon are for that reason utterly void, and of no effect. This point cannot be considered, for the following reasons: We cannot determine whether the accounts were sufficiently or insufficiently itemized without inspecting them, and considering their exact form and contents. The special findings made by the trial court do not incorporate the accounts or "vouchers," as they are termed, into the findings, and do not attempt to state their contents. These so-termed "vouchers" are merely the evidence on which the special findings are based, and we are not required to consider the evidence, nor could we do so if we so desired. It is our function to decide whether upon the findings as made, accepting them as conclusive, the conclusion of the court was right. Walker v. Miller, 8 C. C. A. 331, 59 Fed. 869; Burr v. Navigation Co., 1 Wall. 99, 102. The findings generally recite that the account on which the warrant therein referred to was issued "was itemized" or "duly itemized." In a few instances the finding is that the voucher was not "very definitely itemized," or language to that effect; but even in such cases the finding, as a whole, shows that the court concluded that the various vouchers had been sufficiently itemized, and we cannot review that conclusion of the trial court, the vouchers not having been incorporated into the findings so as to bring them before us for examination.

Another subject of contention is the nonverification of some of the accounts or vouchers on which certain of the warrants were issued. The special findings do show that a few of the vouchers were not verified, although the statute heretofore cited (section 28, c. 25, Gen. St. Kan. 1889) directs that they "shall be verified by affidavit setting forth that the same is just and correct and remains due and unpaid." The circuit court appears to have held that the provision is directory, and that, in a suit on a warrant which is issued on an unverified claim, there may be a recovery notwithstanding the defect in the voucher. This ruling is assigned for error. It is no doubt the law that if an auditing board, like the board of county commis-

sioners in Kansas, declines to audit a demand and to issue a warrant because the demand is not verified, its action will not be disturbed on an appeal from the board's decision, where such an appeal is allowed, or in a mandamus suit brought to compel it to audit the claim, even though the claim is shown in such mandamus proceeding to be just and correct. Such was the substance of the ruling in some of the cases cited by counsel for the plaintiff in error. Christie v. Sonoma Co., 60 Cal. 164; McCormick v. Tuolumne Co., 37 Cal. 257; Board v. Tomlinson, 9 Kan. 167; Ryce v. Mitchell Co. (Iowa) 21 N. W. 771. But it is a very different question whether a warrant is so utterly void that it will not even furnish the basis for a suit, no matter how just the claim may be, because the claim on which it was based, through inadvertence or otherwise, was not verified when presented to the auditing board. In considering the question whether a warrant is so utterly void, for want of verification, that it will not furnish the basis for a suit, we think that it will be more profitable to consider the nature and functions of a county warrant than to review the numerous cases in which courts have considered whether particular statutes were directory or mandatory. It is quite generally agreed that county warrants are not negotiable instruments, in such sense that a transfer of the same for value cuts off equities of defense which exist as between the original parties. They are orders directing the payment of a claim which has passed the scrutiny of the auditing board. They are therefore prima facie evidence of an indebtedness, like a written admission of a debt made by a private individual; but they are by no means conclusive evidence of an indebtedness, and do not bar a reinvestigation of the merits of the claim on which the warrant is founded when a suit is brought on the warrant. Wall v. County of Monroe, 103 U. S. 74; Thompson v. Searcy Co., 6 C. C. A. 674, 57 Fed. 1030; Leavenworth Co. v. Keller, 6 Kan. 511, 523; Mayor v. Ray, 19 Wall. 468, 477; Clark v. Polk Co., 19 Iowa, 248; Clark v. Des Moines, 19 Iowa, 199; Shirk v. Pulaski Co., 4 Dill. 209, 211;[1] Goose River Bank v. Willow Lake School Tp. (N. D.) 44 N. W. 1002; Capital Bank of St. Paul v. School Dist. No. 53 of Barnes County (N. D.) 48 N. W. 363; Miner v. Vedder (Mich.) 33 N. W. 47. Moreover, the statutory affidavit required to be attached to a claim for which a warrant is demanded is not—in Kansas, at least—the sole evidence upon which an allowance of the demand is based. The statute of Kansas provides, in substance, that the affidavit shall not be construed to prevent the board of county commissioners from disallowing the account, in whole or in part, and that the board may require any other or further evidence of the justness of the demand that it deems proper. Gen. St. Kan. 1889, c. 25, § 28. The affidavit, therefore, is not, in contemplation of law, the sole cause of the commissioners' action in ordering the issuance of a warrant. In view of these considerations, we think that it would be unreasonable to hold that a warrant is utterly void, and that a suitor must be turned out of court when he sues upon the same, merely because

[1] Fed. Cas. No. 12,794.

the claim upon which it was founded was not verified. If the defendant shows, after the admission of the warrant in evidence, that the claim on which it was issued was not verified, that might be regarded as a sufficient reason for requiring the holder to show by other evidence that the warrant was issued upon a valid demand. We do not decide, however, that such proof does destroy the prima facie character of a warrant, but we are satisfied that it should in no event have any greater force or effect. Now, in the case at bar, an examination of the special findings shows that the court found, in every instance where the voucher was not verified, what the service was on account of which the warrant was issued; that the services charged for were actually rendered; that the amount of compensation charged was either fixed by law, or that the compensation claimed was reasonable; and such finding must have been based on testimony wholly outside of the warrant. The findings, therefore, are amply sufficient to support the judgment, even upon the theory last suggested, that the warrants had lost their evidentiary character because of the nonverification of the claims upon which they were issued. We think, however, that the true view of the case is that inasmuch as the board of county commissioners had a general power, under Gen. St. Kan. 1889, c. 25, § 16, "to examine, settle and allow all accounts chargeable against the county," the allowance of the accounts now in question was within the scope of the general powers of the board, and that its orders of allowance were not utterly void, as now contended, merely because the accounts were not verified when presented to the board for allowance. In other words, we think that the making of the statutory affidavit was not a prerequisite, without which the jurisdiction of the board to examine, settle, and audit the several demands did not attach. That view of the statute has never been taken by the supreme court of Kansas, so far as we are advised, and it has not sufficient foundation in reason to warrant us in adopting it. Undoubtedly, the board should require an affidavit to be made before proceeding to examine and allow a claim; but if it happens to overlook the statutory direction, and proceeds to audit a demand on evidence that is satisfactory to it, and to order the issuance of a warrant thereon, we are not prepared to say that the warrant is utterly void for want of jurisdiction in the board, and that a suit cannot be entertained on the warrant for that reason. Our view is that a suit may be entertained on a warrant issued under the circumstances last stated, and that a recovery can be had thereon against the county, unless it shows that the warrant was issued fraudulently or without consideration, or for some indebtedness which the board of county commissioners was not authorized by law to contract. We conclude, therefore, that no error was committed in entering a judgment on the warrants now in question.

It is finally contended that some of the warrants in suit were issued for purposes not authorized by law. In the discussion of this point we have only to inquire and to determine whether the prima facie case made against the county by the warrants themselves is overcome by facts disclosed by the special findings, which show

affirmatively that the warrants, or any of them, were illegally issued. We shall treat this branch of the case in the order pursued by counsel for the plaintiff in error, speaking of those warrants only to which he has specifically directed our attention. One warrant, in the sum of $125, appears, from the special findings in relation thereto, to have been issued to a person who was hired by the county clerk to make out the tax roll of the defendant county for the year 1886. This warrant is said to have been issued illegally because it was the duty of the county clerk to have made out the tax roll in question for the salary allowed him by law. This point, in our judgment, is well taken. Section 84, c. 107, of the General Statutes of Kansas for the year 1889, clearly made it the duty of the county clerk to make out the tax roll; and section 12, c. 39, of the General Statutes, just as clearly provided that the salary allowed to the county clerk should be "in full of all services whatsoever by law required to be performed in his office." We think that there was no law which authorized the clerk to have this service performed by another person at the expense of the county. And for the same reason we also think that another warrant, in the sum of $100, which appears to have been issued to the county clerk "for extra clerk hire in his office," should have been disallowed. Neither of these allowances seems to have been authorized by law, on the state of facts in relation thereto reported by the referee, and approved by the circuit court. Two other warrants, for a small sum each, are said to have been unauthorized because they were issued to pay the expenses of a special township election, which expenses were not legally chargeable against the county. We cannot sustain this contention, because in neither instance does the special finding of facts show that the election on account of which the expenses were incurred was a special township election. The findings give no information as to the character of the election, and for aught that we know the expenses may have been incurred at a general election, for the expenses of which the county was responsible. As heretofore remarked, we will not go behind the findings, and consider the evidence upon which they are based. A special objection is made to another warrant, for the sum of $308, which appears from the findings to have been issued in favor of one of the county commissioners for special services rendered "in certain county-seat contest cases." The findings in relation to this warrant disclose no facts which tend to impeach it, except the statement that "the services were rendered outside of the county of Hamilton, in the contest of cases, and when the board of county commissioners was not in session." We are not prepared to say that in no event could the county have an interest in a contest concerning the county seat of the county, such as would authorize the board to incur any expenses in connection therewith; neither are we prepared to say that in no event can a county commissioner claim compensation for services rendered in relation to such a contest where the services are rendered outside of the county; and, as these are the only facts before us which tend in any wise to invalidate the warrant, we must hold that they are insufficient for that purpose. Another warrant,

in the sum of $508, which is also challenged by counsel, appears to have been issued to the county clerk, and to have been turned over by him to the register of deeds, to pay the latter for preparing a numerical index of the county records. The services in question are found to have been rendered under a contract made by the board of county commissioners in behalf of the county; the index, when completed, was accepted by the county; and we have been unable to discover the shadow of a reason why the county should not pay for the same. Objection is made generally to some other warrants on the ground that they were unlawfully issued, but as the objections were not specially noticed in argument, and as they are fully answered by what has already been said concerning warrants that were issued under similar circumstances, we will not notice the general objection, but will conclude the discussion at this point. The amount included in the judgment on account of the two warrants above mentioned, which were illegally issued, is the sum of $337.83, to which extent the damages assessed by the circuit court were excessive. The judgment was entered for the sum of $5,991.59, whereas it should have been entered for the sum of $5,653.76. Following a practice which was approved in Railroad Co. v. Estill, 147 U. S. 622, 13 Sup. Ct. 444, the judgment of the circuit court will be affirmed, at the cost of the plaintiff in error, in the sum of $5,653.76, but it will not be affirmed as to the damages assessed in excess of that sum on warrants Nos. 221 and 324.

SANBORN, Circuit Judge (concurring). I concur in the result on the ground that the complaint states facts sufficient to constitute a cause of action, and that the positions taken in the opinion upon the other questions discussed are sound. I am of the opinion that the objection to the introduction of evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action is sufficiently definite to raise the question of its sufficiency. Rev. St. § 914; Gen. St. Kan. pars. 4172, 4174; Brown v. Smelting Co., 32 Kan. 528, 530, 4 Pac. 1013; Bank v. Haden, 35 Mo. 358, 362; Morgan v. Bouse, 53 Mo. 219, 221; Monette v. Cratt, 7 Minn. 234 (Gil. 176, 180); Brown v. Manning, 3 Minn. 35 (Gil. 13); State v. Bachelder, 5 Minn. 223 (Gil. 178); Lee v. Emery, 10 Minn. 187 (Gil. 151); Drake v. Barton, 18 Minn. 462 (Gil. 414); Henderson v. Johns, 13 Colo. 280, 285, 22 Pac. 461; Plow Co. v. Webb, 141 U. S. 616, 623, 12 Sup. Ct. 100; Slacum v. Pomery, 6 Cranch, 221.