## BOARD OF COM'RS OF KEARNEY COUNTY v. McMASTER.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 538.

1. PRACTICE—QUESTIONS—REVIEWABLE ON ERROR—GENERAL FINDING.

Where a court before which a case is tried without a jury makes a general finding, no errors in giving or refusing instructions asked for with a view to controlling such general finding can be reviewed on error. Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92, followed.

2. FEDERAL COURTS—JURISDICTION—CITIZENSHIP.

The federal courts have jurisdiction of an action on county warrants made payable to certain payees or bearer, where the assignee of such warrants, who brings the action, is a nonresident of the state in which the county is situated, whether the payees named in the warrants were citizens of such state or not.

v.68F.no.1—12

3. PLEADING—WAIVING EFFECT OF DEMURRER.
    Where a demurrer to several separate defenses, contained in an answer, has been sustained, a stipulation that some of such defenses shall "remain as a part of said answer" cures any error that may have been committed in sustaining the demurrer to such parts of the answer.

4. COUNTY COMMISSIONERS—POWERS—KANSAS STATUTE.
    Acting county commissioners appointed by the governor, pursuant to 1 Gen. St. Kan. par. 1577, have power to issue county warrants for the ordinary expenses of the county government. Coffin v. Kearney Co., 12 U. S. App. 562, 6 C. C. A. 288, and 57 Fed. 137, distinguished.

In Error to the Circuit Court of the United States for the District of Kansas.

Samuel R. Peters (M. G. Kelso, Joseph W. Ady, and John C. Nicholson, on the brief), for plaintiff in error.

Frederic D. Fuller filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.   This was a suit by J. S. McMaster, the defendant in error, against the plaintiff in error, the board of county commissioners of Kearney county, Kan., on 19 county warrants theretofore issued by the county which had been purchased by, and had been assigned to, McMaster by the original payees.   The case was tried before the court on a written stipulation waiving a jury, and the finding by the circuit court in favor of the plaintiff was general, and not special.   For this reason no errors assigned relative to the giving or refusal of instructions, which were asked with a view of controlling the general finding, are before us for review.   Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92, recently decided by this court, and cases there cited.

The first question presented by the record which is open for review is whether the circuit court had jurisdiction of the case.   The petition was demurred to on the ground that "the court had no jurisdiction of the subject-matter of the action," and the demurrer was overruled.   It goes without saying that a demurrer based on such ground is not waived by subsequently pleading to the merits, wherefore it becomes necessary to decide whether this point was well taken.   The petition showed that the plaintiff was a citizen and resident of the state of New York, and that the defendant was a municipal corporation created by the state of Kansas.   The several causes of action sued upon were county warrants issued by the county, which had been assigned to the plaintiff, but they were made payable to the several payees therein named or bearer.   Under these circumstances, it matters not, we think, whether the payees named in the warrants were or were not citizens of Kansas at the date of the several assignments.   It has been held that, under the provisions of the act of March 3, 1887, as amended by the act of August 13, 1888, to correct the enrollment of the act of March 3, 1887 (25 Stat. 433, c. 866), the federal courts have jurisdiction of a suit by an assignee of such choses in action against the county issuing the same, when the assignee is a nonresident of the state; and this court has heretofore acted on the assumption, without, however, expressly deciding the point, that such cases are properly within the jurisdiction of the national courts under

the act of March 3, 1887, supra. Aylesworth v. Gratiot Co., 43 Fed. 350, 355. See, also, Wilson v. Knox Co., Id. 481; Holmes v. Goldsmith, 147 U. S. 150. 156, 13 Sup. Ct. 288; Thompson v. Searcy Co., 12 U. S. App. 618, 6 C. C. A. 674, and 57 Fed. 1030; Board v. Sherwood, 11 C. C. A. 507, 64 Fed. 103; Capital Bank of St. Paul v. School Dist. No. 26, 11 C. C. A. 514, 63 Fed. 938. It must be held, therefore, that the demurrer to the petition was properly overruled.

Another question, which is also presented for review by the record, is whether the circuit court erred in sustaining a demurrer to portions of the defendant's answer. The demurrer in question was addressed to the first, third, and fourth paragraphs of the pleading, each of which stated a separate defense, and it appears to have been sustained as to all of said defenses, but, by a stipulation filed by counsel before the trial, it was agreed, in substance, that the defenses stated in the answer, other than the defense pleaded in the fourth paragraph thereof, should "remain as a part of said answer, and that all of such allegations so remaining are considered as denied." The effect of the stipulation, which restored the defenses to the answer, obviously was to cure any error that may have been committed by the court in sustaining the demurrer, except in sustaining it as to the fourth paragraph, which was not thus restored by the stipulation.

The fourth paragraph of the answer pleaded, in substance, that Kearney county had no power to issue the warrants in suit, because, at the time they were issued, to wit, July 2, 1888, it was a newly-organized county, whose affairs were then being administered by a board of county commissioners and a county clerk appointed by the governor of the state pursuant to the provisions of a law of Kansas relative to the organization of new counties. 1 Gen. St. Kan. 1889, par. 1577. It was alleged that, because no election for county or township officers was held in Kearney county until July 21, 1888, the county was not organized for the purpose of issuing warrants for any purpose whatever; and that the acting board of county commissioners and the county clerk theretofore appointed by the governor under the provisions of the statute aforesaid, who issued the warrants in suit, acted wholly without authority of law in so doing. By sustaining the demurrer, the circuit court necessarily refused to adopt that construction of the statute. The act providing for the organization of new counties was under consideration by this court in the case of Coffin v. Kearney Co., 12 U. S. App. 562, 6 C. C. A. 288, and 57 Fed. 137. We held in that case that, by the express provisions of said act, the county was prohibited from issuing bonds, except for the erection and furnishing of schoolhouses, until one year after the organization of the county under the terms of the act; that is to say, until one year after the appointment by the governor of a county clerk and a board of county commissioners. But we fail to find any provision in the statute which thus restricts the power of the commissioners of a newly-organized county in the matter of issuing county warrants for the ordinary expenses of the county government. It must have been intended, we think, that the commissioners appointed by the governor should have the same power to administer the affairs of the county that is given to other boards of

county commissioners, except in those respects where limitations are placed upon their power, or are to be necessarily implied from the provisions of the act. As the circuit court remarked, in deciding the case at bar, if the temporary board of county commissioners provided for by the act relative to the organization of new counties is denied the right to contract any indebtedness in the name of the county, or to issue warrants as an evidence thereof, such board would be unable to carry out the purposes for which it was created. In the absence of any express provision contained in the act withholding the power to issue warrants, it must be held that the legislature intended that such boards should have the same power to issue warrants that is exercised by other boards throughout the state. No error was committed, therefore, in sustaining the demurrer to the fourth paragraph of the answer, which simply alleged, as before stated, that the county had not become fully organized. In the condition in which we find the record, the foregoing are all the questions that this court can review.

The judgment of the circuit court is therefore affirmed.