COPPER RIVER & N. W. RY. CO. et al. v. PHILLIPS.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 1,941.

1. PLEADING (§ 418*)—OBJECTIONS—WAIVER BY SUBSEQUENT PLEADING.

In view of section 91, Carter's Ann. Code Civ. Proc. Alaska (Act June 6, 1900, c. 786, 31 Stat. 346), which provides that after the overruling of a demurrer the court may in its discretion allow the party to plead over on such terms as may be proper, the filing of an answer by a defendant without leave, after the overruling of his demurrer, is a waiver of objection to the sufficiency of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1403–1406; Dec. Dig. § 418.*]

2. MASTER AND SERVANT (§ 329*)—INJURIES TO THIRD PERSONS—COMPLAINT —STATEMENT OF CAUSE OF ACTION.

A complaint, alleging that, while plaintiff was lawfully and peacefully walking through a canyon, an employé of defendant railroad company, acting for said company and under its orders, willfully and unlawfully fired several shots with a repeating rifle towards plaintiff, one of which struck and wounded him after he had started to retreat, coupled with further allegations that defendant company had armed such employé and others engaged in constructing a grade through the canyon with instructions to prevent other persons from going upon its right of way and grade in the canyon, sufficiently states a cause of action against the company for the recovery of damages for plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 329.*]

3. APPEAL AND ERROR (§ 842*)—ACTIONS—QUESTIONS FOR JURY.

In an action against a railroad company for a personal injury, there was evidence tending to show that defendant's employés were engaged in constructing a grade through a narrow pass in Alaska; that plaintiff and other employés of another company had entered the pass for the purpose of working upon the grade of that company therein, when they were fired upon by defendant's employés, and plaintiff was struck and wounded. Act May 14, 1898, c. 299, § 3, 30 Stat. 410 (U. S. Comp. St. 1901, p. 1577), provides that a railroad company whose right of way track or roadbed passes through any canyon in Alaska shall not prevent any other railroad company from the use and occupancy of said canyon for the purpose of its road in common with the road first located. Held, that whether plaintiff and his fellow employés entered the canyon peacefully and lawfully as authorized by such act was a question for the jury, and that, in the absence of any question arising on the instructions or admission of evidence, a verdict in his favor could not be reviewed by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. § 842.*]

In Error to the District Court of the United States for Division No. 3 of the Territory of Alaska.

Action at law by John Phillips against the Copper River & Northwestern Railway Company and Edward C. Hasey. Judgment for plaintiff, and defendants bring error. Affirmed.

Action at law to recover damages for personal injuries sustained from a gunshot wound inflicted by the defendant Edward C. Hasey, while said Hasey was in the employ of the defendant company and in charge of a right of way and railroad grade being constructed thereon, owned by the defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

company, and while Hasey, it is alleged, was acting under the orders and instructions of the defendant company.

In September, 1907, the Copper River & Northwestern Railway Company was engaged in prosecuting work on the grade of its road along its right of way from Valdez to and through the Keystone Canyon, in Alaska. This canyon was a narrow defile or pass through the mountains, about 14 miles east of Valdez. It is about 3 miles long, and the defendant company was constructing its grade through the canyon in three sections. The completed portions of these sections amounted to about a mile and a half in total length.

The Alaska Home Railway Company was at the same time engaged in constructing a grade along a line of road projected between the same points and substantially parallel to the line of grade being constructed by the defendant company. It was also heading for the Keystone Canyon and claimed a right to pass along and over the grade of the defendant company in the canyon. The defendant company resisted this claim and had posted trespass notices all along its right of way from Valdez through the canyon. It had also instructed its chief engineer, and certain other employés, not to permit any one except its own employés to go upon its grade work, and had sent the defendant Hasey out from Valdez to protect the work, and had furnished him with rifles and ammunition for that purpose. The object of these hostile preparations was to prevent the Alaska Home Company from entering the canyon and taking possession and passing over the grade constructed by the defendant company.

On the morning of September 25, 1907, the Alaska Home Company sent a company of employés estimated to be from 125 to 250, including surveyors, with their instruments, chains, rods, and other outfit, and laborers with their picks and shovels, to establish a camp and continue the work on the projected line through the canyon. These employés were met at the entrance to the canyon by employés of the defendant company, who by words and gestures warned them not to come onto the work of the defendant company. This warning was disregarded. The employés of the Alaska Home Company continued to advance upon the grade of the defendant company's road, whereupon the defendant Edward C. Hasey opened fire upon them with a Winchester rifle from behind a rock barricade, erected on the grade. Four shots were fired by Hasey; the first taking effect upon one Hickman, who fell to the ground. The second shot took effect upon one Rinehardt, who also fell to the ground. The third shot took effect upon the plaintiff, John Phillips, who also fell to the ground. At the time the third shot was fired, the plaintiff was retreating, and the shot entered his person from behind, taking a course over the head of the thigh bone and making its exit in the groin in the part known as the inguinal region. From the effect of this gunshot wound plaintiff was confined to the hospital about 25 days, and as a further result from the injury he has since suffered from hernia and vericose veins. For these personal injuries plaintiff brought this suit against the defendant company and Edward C. Hasey to recover damages in the sum of $25,000.

In his amended complaint plaintiff alleged, among other things, that in the forenoon of the 25th day of September, 1907, he undertook to walk peaceably and lawfully through said Keystone Canyon, and as he was walking quietly and peaceably through the same a short distance inside the western entrance thereto, the said Edward C. Hasey, then and there acting for the said defendant company and under its order, willfully, unlawfully, and feloniously, and without any provocation whatsoever on the part of the plaintiff, fired several shots from a repeating rifle, loaded with powder and balls, towards the plaintiff, who was making no hostile demonstration toward said Hasey, or any other person; that when said Hasey began shooting in the direction of the plaintiff, he turned and started to retreat from the canyon by the way in which he had entered: that Hasey continued to fire towards plaintiff, and one of the bullets so fired by Hasey struck plaintiff in the right hip below the pelvic bone, continuing from its entrance in a straight course through the body until it passed out in the inguinal region.

The defendant company interposed a general demurrer to the amended complaint on the ground that it did not state facts sufficient to constitute a

cause of action against the defendant company. The demurrer was over-ruled by the court, and thereupon the defendant company filed its separate answer, in which it denied, among other things, that it or any of its agents or officers ever ordered or directed or authorized the defendant Hasey to use any force whatever towards the plaintiff or towards any person or persons whatsoever at or in Keystone Canyon, or at any other place or at any time whatever, or at all; denied that it ordered or authorized the defendant Hasey or any of its agents to shoot towards plaintiff or towards any person or at all; and alleged the fact to be that if the defendant Hasey shot towards plaintiff, or shot plaintiff, he did so while acting wholly upon his own responsibility and entirely without the scope of his authority, and not in the course of his employment by the defendant company, and expressly contrary to the orders and instructions given him by the defendant company, its agents and officers.

The defendant Hasey also filed a separate answer, in which he admitted his employment by the defendant company, and that one Hazelet, an agent of the company, had furnished the defendant with four rifles and some ammunition, but denied that he was instructed to employ any necessary force to prevent objectionable persons, or any persons whatsoever, from passing over the grade and right of way of the defendant company, but charged that the plaintiff conspired with about 175 other men, employés of the Alaska Home Railway Company, armed with various deadly weapons, viz., pick handles, guns, giant powder, together with caps and fuse to explode the same, made an assault upon the defendant and his coemployés and came on the rock construction and grade of the defendant and in a violent and riotous manner attacked and assaulted the coemployés of the defendant, and were proceeding with force and violence and in a riotous manner to assault, attack, and seize the defendant without any cause or provocation whatsoever on his part, whereby he was put in fear of his life, and of great bodily harm; that the defendant, without using any more force than was absolutely necessary to protect his own person from great bodily harm or death from the plaintiff and his co-conspirators and rioters, discharged a rifle towards said rioters, without intent to kill, maim, or wound plaintiff, or any one else, further than was necessary to protect and defend his own person from the said unlawful and felonious assault.

Upon the issues thus made the case was tried before the court and jury, and resulted in a verdict for the plaintiff for $15,000. Thereafter defendants moved the court for a new trial, which was denied upon condition that plaintiff remit $5,000 from the verdict. A remittitur being filed by the plaintiff in that amount, a judgment was entered in favor of the plaintiff against the defendants in the sum of $10,000. The case is here upon writ of error sued out by the defendants to correct this judgment.

W. H. Bogle, F. T. Merritt, Lawrence Bogle, and Robert C. Saunders, all of Seattle, Wash., for plaintiffs in error.

E. E. Ritchie, of Valdez, Alaska, L. V. Ray, of Seward, Alaska, and Wm. A. Barnhill, of Los Angeles, Cal., for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HANFORD, District Judge.

MORROW, Circuit Judge (after stating the facts as above). The parties will be designated as in the court below.

[1] The defendant company contends that the amended complaint did not state facts sufficient to constitute a cause of action against it. This objection was made by the defendant company in the court below by a general demurrer to the amended complaint, which was overruled. The defendant Hasey did not join in this objection, and the defendant company did not stand on its demurrer, or answer by leave of the court.

Section 91 of the Alaska Code of Civil Procedure (31 Stat. 346) provides that:

"After the decision upon a demurrer, if it be overruled, and it appears that such demurrer was interposed in good faith, the court may, in its discretion, allow the party to plead over upon such terms as may be proper."

The defendant did not ask or obtain leave to plead over, but answered the original and amended complaint without leave and presented the issues of fact upon which it asked the court to determine the case on the merits. The general rule is that this amounts to a waiver of the objection to the complaint. Teal v. Walker, 111 U. S. 242, 246, 4 Sup. Ct. 420, 28 L. Ed. 415; Southern Pacific Co. v. Denton, 146 U. S. 202, 206, 13 Sup. Ct. 44, 36 L. Ed. 942; Bauserman v. Blunt, 147 U. S. 647, 652, 13 Sup. Ct. 466, 37 L. Ed. 316; Rush v. Newman, 58 Fed. 158, 7 C. C. A. 136; Board of Com'rs v. Sherwood, 64 Fed. 103, 105, 11 C. C. A. 507. But passing the question of waiver as technical, did the amended complaint state facts sufficient to constitute a cause of action?

[2] It is alleged in the amended complaint:

"That plaintiff undertook to walk peaceably and lawfully through said Keystone Canyon; that he was lawfully in said canyon, and as he was walking quietly and peaceably through the same a short distance inside the western entrance thereto, the said Edward C. Hasey, then and there acting for said Copper River & Northwestern Railway Company and under its order, * * * fired several shots from a repeating rifle loaded with powder and balls towards the plaintiff; * * * that the said Hasey continued to fire said rifle towards plaintiff, and one of the bullets so fired by said Hasey from the said rifle struck plaintiff in the right hip below the pelvic bone."

It is objected that the allegation of the complaint that the firing by Hasey was done under the orders of the defendant company is a mere conclusion of the pleader and must be construed with reference to the other allegations of the complaint alleging that Hasey was ordered and instructed to employ any necessary force to prevent objectionable persons from passing over the right of way and grade in Keystone Canyon; that it is not alleged that plaintiff was passing over the grade in Keystone Canyon, or that he was attempting to do so, but, on the contrary, it is alleged that plaintiff had undertaken to walk peaceably and lawfully through the canyon, and upon being fired upon by Hasey he had started to retreat therefrom; that the firing upon plaintiff by Hasey under such circumstances was not within the scope of his alleged employment. The objection that Hasey was not authorized to protect the grade and right of way from persons not passing over it or attempting to pass over it, and that he was not authorized to shoot persons running away from it, is altogether a too technical construction of the allegations of the complaint. It ignores the allegation that the defendant company had dispatched and caused to be delivered to the defendant Hasey in said Keystone Canyon several repeating rifles and a large quantity of ammunition for the same. It is this allegation, coupled with the firing upon the plaintiff by Hasey, that gives color and character to the entire amended complaint. The passing over the right of way and grade was to be prevented by the use of rifles charged with powder and ball. What could such an

equipment mean if it was not to stop the approach of persons and prevent them from passing over the right of way and grade of the defendant company in the Keystone Canyon? It was an occupation of the canyon by the defendant company to the exclusion of all persons and companies by force. Besides, it is distinctly alleged as a fact that the defendant Hasey was then and there—that is to say, while he was shooting at plaintiff and others of his company, whether advancing or retreating—acting for said defendant company and under its order. We think this is sufficient and that the complaint stated facts sufficient to constitute a cause of action against the defendant company.

[3] It is next contended that, while it does appear from the evidence that plaintiff was on the right of way and grade of the defendant company at the time of the shooting, it further appears that he was there in company with some 250 associates engaged in a criminal trespass and in riotously attempting to dispossess appellant of its property, and that his injuries were proximately provoked and caused by his own illegal and criminal acts. There is in the record evidence tending to show that the purpose of the employés of the Alaska Home Railway Company in going into the canyon was to work upon the grade of that company projected into the Keystone Canyon, which they had a lawful right to do under the act of Congress of May 14, 1898, extending the homestead laws and providing for right of way for railroads in the district of Alaska (30 Stat. 409, 410). This act provides, in section 3, as follows:

"That any railroad company whose right of way, or whose track or roadbed upon such right of way, passes through any canyon, pass, or defile, shall not prevent any other railroad company from the use and occupancy of said canyon, pass, or defile, for the purposes of its road, in common with the road first located, or the crossing of the other railroads, at grade. * * *"

Whether the advance into the canyon by the employés of the Alaska Home Railway Company was such a peaceful movement as this statute contemplates was a question of fact for the jury to be determined upon the evidence under such appropriate instructions as the court might give. The court did instruct the jury upon the various phases of the testimony relating to the facts in controversy, and no exceptions were taken to such instructions, and no errors are assigned as to the admission of the testimony. We must assume the most favorable statement of the plaintiff's case to be true, unless some particular request for instructions makes it necessary to deal with conflicting evidence. Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 469, 23 Sup. Ct. 622, 47 L. Ed. 905. The most favorable statement of the plaintiff's case upon the evidence is that the advance or movement into the canyon in which he was employed was peaceable as alleged in the amended complaint.

In a case of this character, this court is confined in its review to the consideration of exceptions taken at the trial to the admission or rejection of evidence and to the charge of the court and its refusal to charge. We have no concern with questions of fact or the weight to be given to the evidence which was properly admitted. Ætna Life Insurance Co. v. Ward, 140 U. S. 76, 91, 11 Sup. Ct. 720, 35 L. Ed.

371; Erie Railroad Co. v. Winter, 143 U. S. 60, 75, 12 Sup. Ct. 356, 36 L. Ed. 71.

Finding no reversible error in the record, the judgment of the court below is affirmed.