SEATTER v. HEID et al.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 1,948.

PLEADING (§ 418*)—WAIVER OF OBJECTION—ABANDONMENT OF DEFENSE.

A defendant, who, after the overruling of his demurrer, filed an answer without leave and afterward formally abandoned his defense, waived any objection to the form of action ·or sufficiency of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1403–1406; Dec. Dig. § 418.*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

Action at law by John G. Heid, B. M. Behrends, R. P. Nelson, C. W. Young, and John Olds, as trustees of the Evergreen Cemetery Association, against John S. Seatter. Judgment for plaintiffs, and defendant brings error. Affirmed.

E. M. Barnes, of Los Angeles, for plaintiff in error.

Albert H. Elliot, of San Francisco, Cal., and John G. Heid, of Juneau, Alaska, for defendants in error.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

MORROW, Circuit Judge. The defendants in error brought this suit in ejectment on February 11, 1905, against the plaintiff in error to determine the possessory right to a portion of a tract of land near Juneau, Alaska. Trial was had in the court below by the court sitting without a jury. Findings of fact and conclusions of law were filed and judgment entered in favor of the plaintiff in the action, and against the defendant, for the possession of the land in controversy. The defendant brings the case here upon writ of error. No bill of exceptions appears to have been settled or filed, and the evidence introduced by the plaintiff in the court below is not before the court for consideration.

Upon this record the only questions that can be considered here are: (1) The sufficiency of the complaint. (2) The sufficiency of the findings to support the judgment.

It is alleged in the complaint that the Evergreen Cemetery Association was an association organized under the Code of Alaska having corporate powers; that it was organized about the middle of April, 1891, by citizens of the United States and of the town of Juneau and vicinity, in the district of Alaska, for the purpose of providing a burial place for the dead of Juneau and vicinity; that about the month of April, 1891, the association located and claimed for cemetery pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

poses and entered into the possession of a certain piece of parcel of land about three-quarters of a mile from the town site of Juneau in a northwesterly direction bounded and described as set forth in the complaint, and containing about 10.6 acres; that ever since the plaintiff had been in possession and entitled to the possession except as in the complaint alleged; that in May, 1891, the association caused said ground to be surveyed, and during the year expended large sums of money in clearing and fencing the same and building bridges and a road for the convenient approach thereto; that ever since said time said cemetery was used and claimed by said cemetery association for cemetery purposes; that plaintiff claimed the right to occupy and possess the premises by virtue of a full compliance with the local laws and rules of the citizens of the United States and of said town of Juneau for the occupation and possession of the public domain for cemetery purposes; that on the 19th day of August, 1895, the defendant entered upon a portion of said land and claimed the same under a mining location as mineral land; that in 1897 defendant claiming renewal, on the 14th day of November, 1904, filed his application in the United States Land Office for a patent to said ground; that within the 60 days' period for publication plaintiff filed a protest and adverse claim as provided by law.

In a supplemental complaint filed by leave of court on December 14, 1907, it was alleged that since the commencement of the action, and after the filing of the protest and adverse claim of the plaintiff against the application of the defendant for a patent, the Secretary of the Interior had determined in favor of the plaintiff the contest initiated in the United States Land Office with respect to the land claimed by the defendant. The opinion of the Secretary of the Interior dated February 15, 1907, was inserted in the supplemental complaint. It recites, among other things, that it is charged against the application of the defendant for a patent for the ground in controversy as a mining claim that the land applied for is nonmineral in character; that a hearing was had on this protest at which testimony was submitted on behalf of the protestants and the protestee; that the local land officers, who during the course of the hearing had made a personal inspection of the land, found in substance and effect that the land was not mineral in character within the meaning of the mining laws, and for that reason they recommended that the application be rejected.

The opinion further recites that the Department had carefully examined and considered the testimony in the case and was of the opinion that the same shows that the land does not contain mineral in such quantities as to render it more valuable for mining than for agricultural purposes, and hence was not subject to disposition under the mining laws.

Upon this decision of the Secretary of the Interior it is alleged in the supplemental complaint that the question at issue had been determined and was res judicata and binding upon the court.

The defendant, on February 15, 1908, demurred to the complaint and supplemental complaint on the ground that the same did not state facts sufficient to constitute a cause of action.

The answer of the defendant was filed March 11, 1908, without leave of the court and without reserving objection to the sufficiency of the complaint or the sufficiency of the supplemental complaint. It denied the allegations of the complaint and denied the jurisdiction of the court to determine the cause of action set out in the complaint. It alleged that, since the hearing mentioned in the complaint, defendant had made a discovery of gold quartz in place on said premises, and had made lode and mill-site locations on said premises. Plaintiff thereafter made a motion for a judgment on the pleadings, which was denied. Plaintiff then demurred to the answer, which was overruled.

It appears from the record that the case was thereupon called regularly by the court for trial, and the defendant not appearing to defend the suit, but on the contrary appearing in court at the time set forth for the hearing of the cause, openly announced that he did not intend to further appear in and prosecute his defense to the action.

Thereupon the plaintiff waived a trial by jury, and the court proceeded to hear and did hear the proofs of the plaintiffs in support of their complaint and contention therein, and considered the same and the records and papers in the cause, and the cause having been submitted to the court, found the following facts and conclusions of law:

"(1) That the Evergreen Cemetery Association is an association, duly organized and existing under and by virtue of the provisions of the Code of the District of Alaska, having corporate powers.

"(2) That about the middle of April, 1891, the Evergreen Cemetery Association, an association of citizens of the United States and of the then town of Juneau, Alaska, and vicinity, was organized for the purpose of providing a burial place for the dead of the said town and vicinity, and did in the said month of April locate, claim, and appropriate for cemetery purposes, and entered into the possession of, that certain piece or parcel of nonmineral land, immediately west of the town site of said Juneau, Alaska, more particularly described as follows, to wit: (Describing the land by courses and distances), containing about 10.6 acres. And ever since said Evergreen Cemetery Association has been in the possession and entitled to the possession thereof.

"(3) That the defendant John S. Seatter has no right, title, interest, or claim of, in, and to the said above-described land claimed, held, owned and possessed by the said Evergreen Cemetery Association, the plaintiff herein.

"(4) That all of the land herein described and claimed by the plaintiff is nonmineral land, and is worth more for agricultural or cemetery purposes than for mining purposes.

#### "Conclusions of Law.

"As conclusions of law from the foregoing facts, the court now hereby finds and decides:

"(1) That the plaintiff, the Evergreen Cemetery Association, is entitled to recover of and from the defendant the land and premises above described and set forth in the complaint herein. That plaintiff had during all the times mentioned in the complaint been in the possession of the same, and was in the actual possession of the same, and is entitled to the occupation and possession of the same as against the defendant herein.

"(2) That the plaintiff, the said Evergreen Cemetery Association, is entitled to judgment against the said defendant, John S. Seatter, for the recovery of the said land, and premises above described and set out in the complaint herein, also to a judgment for its costs and disbursements incurred in this suit or action, to be taxed by the clerk."

The plaintiff in error seeks to raise a number of questions which have no basis in the record. It is objected that, if the action is in ejectment, it is fatally defective because nowhere is possession alleged,

and nowhere is ouster alleged. The objection is without any foundation whatever. Both possession and ouster are alleged. And whether the action was an adverse proceeding under section 2326 (U. S. Comp. St. 1901, p. 1430), or an action in ejectment, the complaint stated facts sufficient under either form to constitute a cause of action. Besides, the defendant did not stand on his demurrer, but abandoned his defense and declared in open court that he did not intend to further appear and prosecute his defense to the action. Thereupon, the plaintiff waiving a jury trial, the court found the facts in the case. This disposes of any technical objection to the form of the action. The rule applicable to such a case has been stated in Copper River & Northwestern Railway Co. v. Phillips, 115 C. C. A. ——, 196 Fed. 328, just decided.

There is no question but the court had jurisdiction of the case.

The objection that the decision of the Secretary of the Interior was not res judicata of the rights of the defendant cannot be considered. The evidence is not in the record, and we do not know that the court so held. The court appears to have found upon evidence, and as an independent fact, and without regard to the decision of the Secretary of the Interior, that the land was nonmineral and was worth more for agricultural or cemetery purposes than for mining purposes. The findings of fact were sufficient to support the judgment.

The judgment must therefore be affirmed, and it is so ordered.