## MERRILL *v.* FLOYD.

*(Circuit Court of Appeals, First Circuit.* **June 30, 1892.)**

#### No. 23.

**1. APPEAL—JURISDICTION—BILL OF EXCEPTIONS—WAIVER.**
A jury was waived, and the cause tried to the court, which made findings of fact, and returned a "verdict" thereon. Afterwards a motion "to set aside the verdict on the ground that there was no evidence to support the same" was denied. The court then allowed a bill of exceptions to the findings and rulings at the trial, on the grounds that there was no evidence to support the findings, and that, upon the findings, defendant was not liable. *Held,* that the question whether defendant had not waived his right to except to the sufficiency of the evidence to support the findings by failing to ask a ruling thereon before the court announced its conclusions did not affect the jurisdiction of the appellate court, but merely raised the question whether defendant was not limited to a review of the sufficiency of findings to support the judgment.

**2. SAME—DISMISSAL—BILL OF EXCEPTIONS—CERTIORARI.**
Where, on a writ of error to the circuit court of appeals, the question of the sufficiency of the evidence to support the findings of fact made by the court in lieu of a jury is raised, the fact that the bill of exceptions does not embody all the evidence is no ground for dismissing the appeal; the proper remedy is by *certiorari* for diminution of the record, under rule 18 of that court.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Byron B. Floyd against Ezra F. Merrill for fraudulent representations. Judgment for plaintiff. Defendant brings error. Heard on motion to dismiss the writ of error. Denied.

*William A. Macleod* and *Robert D. Trash,* for plaintiff in error.

*Benjamin F. Butler* and *T. Henry Pearse,* for defendant in error.

Before GRAY, Circuit Justice, and PUTNAM and NELSON, Circuit Judges.

GRAY, Circuit Justice. The original action was brought on September 6, 1889, by Floyd against Merrill, for fraudulent representations as to the condition of a corporation in which both parties owned shares, whereby the defendant induced the plaintiff to sell his shares to the defendant for much less than their value. The answer denied all the allegations of the declaration. On February 2, 1892, the counsel for both parties signed and filed a stipulation in writing in these words:

"It is agreed by counsel for plaintiff and defendant in the above-entitled case that the same be marked, 'Jury waived' tentatively."

The case was thereupon tried by ALDRICH, J., who, on March 10th, filed the following "findings of fact and verdict:"

"This was a trial before the court, the parties having waived a jury trial. Having heard and considered all the evidence submitted, and the arguments as well, I find that the defendant had peculiar knowledge of the condition of the corporation and its affairs and the value of the stock; that the plaintiff was comparatively ignorant of the situation, and the defendant knew this; that the defendant, having such knowledge, sought the plaintiff for the purpose of possessing himself of his interest in the corporation, and in the negotiations following studiously and artfully concealed material facts as to value, and artfully misrepresented the true condition, and, having deceived the plaintiff by such means, secured his stock for the sum of one thousand

dollars, when in fact it was worth four thousand dollars. My verdict, therefore, is that the plaintiff recover the difference between the sum paid by the defendant and the value of the stock thus obtained, which is three thousand dollars, together with interest from date of writ."

On April 16, the judge denied a motion "to set aside the verdict on the ground that there is no evidence to support the same." The defendant thereupon tendered a bill of exceptions to the findings and rulings at the trial, upon the ground that there was no evidence to support the findings of fact, as well as upon the ground that upon those findings of fact the defendant was not liable; and this bill of exceptions was allowed and filed. On the same day, a motion by the plaintiff that "judgment be entered on the verdict in this cause *non obstante* the exceptions" was granted, and judgment was entered for the plaintiff for the sum of $3,458 and costs. On April 26th the defendant sued out this writ of error. The defendant in error has now moved to dismiss the writ of error, because no exceptions were taken at the trial, but only to the denial of a motion for a new trial; because the record does not set out all the evidence introduced below; and because there is no appealable question of law or fact set forth in the record, upon which a writ of error could issue. It is quite clear that none of the grounds suggested will justify a dismissal of the writ of error, whatever effect they may have by way of limiting the argument on the merits. The exceptions taken below were not to the denial of the motion for a new trial, but to the previous conclusions of the court, and this upon two grounds,—that there was no evidence to support the findings of fact, and that the findings of fact would not support a judgment for the plaintiff. If there is any material omission in the record, the proper remedy is by motion for a *certiorari*, under rule 18 (47 Fed. Rep. viii.) of this court. When the case shall be argued on the merits, the attention of counsel may well be directed to the following questions: *First.* Whether a jury trial was duly waived, and, if not, whether any question is open but the sufficiency of the declaration to support the judgment. See Rev. St. §§ 649, 700; *Bond* v. *Dustin*, 112 U. S. 604, 5 Sup. Ct. Rep. 296; *Andes* v. *Slauson*, 130 U. S. 435, 9 Sup. Ct. Rep. 573; *Rogers* v. *U. S.*, 141 U. S. 548, 12 Sup. Ct. Rep. 91. *Second.* Whether, if a jury trial was duly waived, the defendant, not having requested the judge, before he announced his conclusions, to rule upon the sufficiency or effect of the evidence, could afterwards take the exception that there was no evidence to support the findings, or whether he must be limited to the question whether the facts found support the judgment. See *Norris* v. *Jackson*, 9 Wall. 125; *Boogher* v. *Insurance Co.*, 103 U. S. 90; *Land Imp. Co.* v. *Bradbury*, 132 U. S. 509, 515, 10 Sup. Ct. Rep. 177; *Hathaway* v. *Bank*, 134 U. S. 494, 10 Sup. Ct. Rep. 608; *The E. A. Packer*, 140 U. S. 360, 11 Sup. Ct. Rep. 794. But those questions, as well as all the grounds assigned for the motion to dismiss, affect only the determination of the merits of the case, and have no tendency to show that this court has no jurisdiction to make that determination. Motion to dismiss the writ of error denied.