### MERRILL v. FLOYD.

#### (Circuit Court of Appeals, First Circuit. November 10, 1892.)

#### No. 23.

1. APPEAL—TRIALS NOT ACCORDING TO COMMON LAW.
   When a case is tried in a federal court otherwise than according to the strict course of the common law, the circuit court of appeals has no jurisdiction as to exceptions taken at the trial, or as to the effect of the facts found, except as given by Rev. St. §§ 649, 700, in cases where a jury is waived.
2. SAME—WAIVER OF JURY.
   But to authorize a review under these sections the waiver of a jury trial must be unconditional, and by a writing which sets forth the whole agreement; and hence, where the stipulation is merely that the case shall be marked, "Jury waived tentatively," there can be no such review, although the parties have acted on the agreement, and thus rendered it absolute.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Byron B. Floyd against Ezra F. Merrill for fraudulent representations. Trial to the court, which filed its "findings of fact and verdict." A motion to set aside the "verdict" was thereafter overruled.

Defendant brought error, and a motion to dismiss the writ of error was denied. See 5 U. S. App. ——, 2 C. C. A. 58, 50 Fed. Rep. 849, where a full statement of the facts will be found. The case is now heard on the merits. Affirmed.

William A. Macleod and Robert D. Trask, for plaintiff in error.

Benjamin F. Butler and T. Henry Pearse, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. No question can be raised in this court on the pleadings in the case at bar, because there is no assignment of errors relating thereto; and we do not understand that plaintiff in error calls our attention to any alleged insufficiencies in the declaration, or intends to do so. It has been decided too often to need reiteration that an appellate court cannot, on error, according to the course of the common law, re-examine a motion for a new trial, based on the weight or insufficiency of evidence, or any exceptions to the action of the court below denying such motion. Therefore we have no jurisdiction over the first and second exceptions, nor over the first, second, and third assignments of errors, and no occasion to open the record so far as it recites the proofs or the proceedings at the trial in the circuit court. This, of course, does not include questions as to the effect of findings of fact. But when a case is tried in the circuit court otherwise than according to the strict course of common law, we have no jurisdiction as to exceptions taken at the trial, or as to the effect of the facts found, except under Rev. St. §§ 649, 700. Here we do not find the waiver these sections require, which is an absolute one, while the agreement filed was merely "tentative," or in effect conditional. The fact that it was apparently afterwards acted on, and thus by the conduct of the parties apparently relieved, so far as concerns them, of its "tentative" feature, does not aid the plaintiff in error. The statute demands precision, and intends that the record shall leave no doubt as to the exact nature of the trial Therefore it requires that the agreement of waiver, and the whole of it, shall be in writing, and does not permit it to be supplemented in any part by parol or by acts in pais. It is intended for the protection and guidance of the court, as well as of the parties, and it cannot be waived by the latter. The provisions of the statute are simple, and can easily be complied with in such manner as to leave behind no uncertainty, and we must enforce them according to their letter. While, for the reasons stated, we have no jurisdiction over some of the questions raised, we have jurisdiction over the case, as was decided by this court in this case, June 30, 1892, (5 U. S. App. ——, 2 C. C. A. 58, 50 Fed. Rep. 849,) and the judgment of the circuit court is affirmed.