## RUSH v. NEWMAN.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1893.)

### No. 269.

1. JURY TRIAL—WAIVER BY WRITTEN STIPULATION—RECORD ON APPEAL.
   The recital in a record, "both parties in open court having waived a jury, and agreed to trial before the court," does not show that a stipulation in writing waiving a jury was filed, as required by Rev. St. § 649.
2. APPEAL — REVIEW—FINDINGS OF FACT BY COURT BELOW — SUFFICIENCY OF PLEADING.
   Where a jury has not been waived, as required by Rev. St. § 649, the appellate court cannot notice findings of facts by the lower court for any purpose, but the case stands as though the judgment of the lower court had been rendered on the general verdict of a jury; and the appellate court can only consider the sufficiency of the declaration to support the judgment.
3. SAME—PRESUMPTIONS
   In such a case, tried in the circuit court for the district of Kansas, where the petition set out a contract for the sale of corporate stock, alleged its breach, and prayed judgment for the full amount of damages recovered, defendant claimed that the petition was insufficient to support the judgment, in that the proper measure of damages was the difference between the market value of the stock and the contract price, and that the petition failed to allege either what the difference was, or that the stock was of no value. Held, that as it was competent for plaintiff to prove, under the petition, that the stock was of no value, it would be presumed that such proof was made.

**4. FEDERAL COURTS—FOLLOWING STATE PRACTICE.**

In actions at law in the federal courts the sufficiency of the pleadings to support the judgment must be determined by the laws regulating the practice and pleadings in the state courts, as determined by the state decisions.

**5. PLEADING—WAIVER OF DEFECTS.**

After answer filed, an objection to a petition that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege that which is essential to the relief sought.

In Error to the Circuit Court of the United States for the District of Kansas.

At Law. Action by L. Newman against J. W. Rush for breach of contract. On trial by the court without a jury, judgment was rendered for plaintiff. Defendant brings error. Affirmed.

C. N. Sterry, E. D. Kenna, and F. M. Bentley, for plaintiff in error.

James R. Hallowell and Montgomery Hallowell, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. On the 12th day of May, 1891, L. Newman, the plaintiff, filed his petition in the court below against J. W. Rush, the defendant, alleging that on the 19th of June, 1888, the defendant executed and delivered to the plaintiff the following contract:

"In consideration of Mr. L. Newman taking 20 shares of the stock of the First National Bank of Dighton, and paying for same at the rate of $104 per share, total $2,080, I agree, at the end of one or two years, at the option of Mr. L. Newman, to take the said stock off his hands and pay him the amount he paid for it, $2,080, and interest at the rate of twelve per cent. per annum on his investment if the bank should fail to make a cash dividend to the amount thereof. In that case I agree to give him the amount he gave for his stock, should he request me to take it off his hands.

"J. W. Rush."

The petition alleges that the plaintiff subscribed for the 20 shares of stock, and paid therefor at the rate of $104 per share, and that the inducement to the purchase was the covenants of the defendant contained in the agreement; that at the end of two years from the date of the contract the bank failed to make a cash dividend to the amount mentioned in the agreement, and failed at all times to make such dividend; that the plaintiff notified the defendant of such failure, and of his election to return the stock, and have the defendant pay him the amount called for in the agreement, and tendered to the defendant the certificate of stock for the 20 shares duly indorsed, and demand 1 of him the $2,080 and 12 per cent. interest thereon, as per the terms of the agreement, which he refused to pay. There was a prayer for judgment for $2,080 and 12 per cent. interest thereon from the date of the contract. The answer was a general denial. The case was tried before the court, which found the issues for the plaintiff, and rendered judgment in his favor against the defendant for the amount claimed

in the petition. The errors assigned are that the judgment rendered was not warranted by the pleadings, and that the damages allowed were excessive.

There is in the record what purports to be a special finding of facts by the court. But the record does not show that the parties, or their attorneys of record, filed with the clerk a stipulation in writing waiving a jury, as required by section 649 of the Revised Statutes of the United States. The recital in the record that "both parties in open court having waived a jury, and agreed to trial before the court," does not show a compliance with section 649. The following recitals in the record have been held insufficient for this purpose: "The issue joined, by consent, is tried by the court, a jury being waived;" and "the above cause coming on for trial, by agreement of parties, by the court, without the intervention of a jury;" and "the parties having stipulated to submit the case for trial by the court without the intervention of a jury;" and "said cause being tried by the court without a jury, by agreement of parties;" and "upon the trial of this cause before the Hon. S. H. Treat, sitting as circuit judge, a jury being waived by both parties,"—Bond v. Dustin, 112 U. S. 604, 608, 5 Sup. Ct. Rep. 296; and "jury waived tentatively," and "finding of facts and verdict," —Merrill v. Floyd, 2 C. C. A. 58, 50 Fed. Rep. 849. In the absence of a statute authorizing it, the finding of issues of fact by the court is not a judicial act of which this court can take any notice. Campbell v. Boyreau, 21 How. 223; Rogers v. U. S., 141 U. S. 548, 12 Sup. Ct. Rep. 91; Merrill v. Floyd, 2 C. C. A. 58, 50 Fed. Rep. 849. The sufficiency of the facts found by the lower court to support the judgment can only be considered by this court when a jury has been waived in writing, as provided in section 649. When a jury has not been thus waived, the facts found by the lower court cannot be noticed by the appellate court for any purpose, and the case stands as though the judgment of the lower court had been rendered on the general verdict of a jury; and the only question this court can consider is the sufficiency of the declaration to support the judgment. Flanders v. Tweed, 9 Wall. 425; Kearney v. Case, 12 Wall. 275; Alexander Co. v. Kimball, 106 U. S. 623, 2 Sup. Ct. Rep. 86; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. Rep. 296; Campbell v. Boyreau, 21 How. 223; Merrill v. Floyd, 2 C. C. A. 58, 50 Fed. Rep. 849.

It is said the proper measure of the plaintiff's damages was the difference between the market value of the bank stock and the contract price, and that there is no allegation in the petition as to what that difference was, or that the stock was of no value. The petition set out the contract, alleged its breach, and prayed judgment for the full amount of the damages recovered. Under this petition it was competent for the plaintiff to show that the bank stock had no value, and after a general verdict and judgment for the plaintiff it will, if necessary to support the judgment, be presumed that such proof was made. The presumption is that the judgment of a court of record is supported by whatever is essential to its validity, and, in the absence of an affirmative showing to the

contrary, it will be presumed that a general verdict was supported by the evidence.

Under section 914 of the Revised Statutes of the United States, the sufficiency of the petition in this case must be determined by the laws of Kansas regulating the practice and pleadings in the courts of that state. It is very well settled by the decisions of the supreme court of that state that the petition in this case is sufficient to uphold the judgment. In Laithe v. McDonald, 7 Kan. 261, Judge Brewer, (now Mr. Justice Brewer,) speaking for the supreme court of that state, said:

"After answer filed, an objection to a petition that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege some matter which is essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements or conclusions of law."

The doctrine of that case has been affirmed by that court in many other cases. Moody v. Arthur, 16 Kan. 419. This is the general doctrine, and was recognized in this court in Glaspie v. Keator, 56 Fed. Rep. 203, 211, where, in answer to an objection similar to the one here relied upon, Judge Thayer, speaking for the court, said:

"The demurrer seems to have been based on the ground that the complaint was defective in not showing with sufficient certainty that any damage was sustained in consequence of the alleged deceit. The point is untenable. The complaint averred generally, in the concluding paragraph, that damages had been sustained in a certain sum, which was all that the pleader was required to aver. But even if the complaint had been defective, as supposed, it was merely a technical defect, which was waived by pleading to the merits, and was cured by the verdict."

If the complaint was defective in the respect claimed, it was a defect which the plaintiff had a right to remedy by amendment, and such defects are cured by the verdict. Elliott's App. Proc. §§ 471, 473. The judgment has the merit of enforcing the contract of the parties according to its very terms. It coerces the defendant to do what he plainly agreed to do, and for not doing which he offers no excuse.

The question as to whether, in case the bank stock had some value, plaintiff's recovery would be limited to the difference between the agreed price and the market value of the stock, we are not called upon to decide, under the state of the record.

The judgment of the court below is affirmed.