## UNITED STATES v. CARR et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

No. 366.

1. BILL OF EXCEPTIONS—SIGNING AND FILING AFTER TERM.

A bill of exceptions signed and filed after the term at which judgment is entered does not become part of the record, and will be ignored, unless it affirmatively appears that it was so signed and filed by consent of parties, or in compliance with a standing rule of court, or an order made and entered of record at the trial term, or unless it appears that the court's control over the record was preserved by the pendency of a motion for a new trial.

2. APPEAL—SUFFICIENCY OF EVIDENCE—WAIVER OF JURY.

A recital in the record that a jury was "expressly waived" does not show with sufficient certainty a waiver by a stipulation in writing, as required by Rev. St. § 649.

3. SAME—OBJECTIONS NOT RAISED BELOW—ISSUES NOT TRIED.

Where no demurrer or objection was interposed to an answer claiming credits for fees for official services, the right to such fees, if the services were actually rendered, cannot be considered by the circuit court of appeals.

4. SAME—STIPULATION AS TO FACTS.

A stipulation admitting certain facts, where there is nothing to show that the cause was submitted to the court on the facts stated therein, does not constitute an agreed case on which an appellate court can consider whether the judgment is such as ought to have been rendered on the agreed facts.

In Error to the Circuit Court of the United States for the District of Wyoming.

This was an action by the United States against Thomas J. Carr, Charles F. Miller, Luke Voorhees, Elias W. Whitcomb, and John W. Collins, on the official bond of said Carr as United States marshal, wherein the other defendants were sureties. Defendants' answer claimed credits for certain fees and other compensation as due said marshal. The circuit court, on trial without a jury, allowed part of said credits, and rendered judgment for the United States for the residue of the amount claimed. The United States brings error.

Benjamin F. Fowler filed brief for the United States.

Willis Van Devanter (John W. Lacey, on the brief), for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This was a suit by the United States upon the official bond of the United States marshal for the territory of Wyoming, which was executed by the marshal and his sureties, the defendants in error, on the 23d day of August, 1886. For a breach of the bond, the government alleged that the marshal had failed and refused to pay over to the proper accounting officers of the treasury department of the United States the sum of $773.11, which was the property of the United States, and which it was his duty as marshal to so pay. The defendants admitted the receipt

by the marshal of the aforesaid sum of money, and his failure to pay the same to the United States, but they averred in their answer to the complaint that the United States was indebted to the marshal in the sum of $404.87 for fees, mileage, and other compensation justly due to him for services rendered as United States marshal for the territory of Wyoming, which sum they prayed might be allowed to him and deducted from the amount claimed by the government. Attached to the answer was an itemized statement of the various sums claimed to be due to the marshal for fees, mileage, etc., the whole amount claimed aggregating the sum last stated. No reply to the answer appears to have been filed, and, so far as the record shows, the sufficiency of the defendants' answer was not called in question in any form, either by a demurrer, motion, or exception. The record contains a stipulation, signed by counsel for the respective parties, whereby they appear to have admitted certain facts pertinent to the issues raised by the pleadings; but this stipulation fails to show that the cause was submitted to the court upon the facts stated therein. On the contrary, the record recites that "the cause, coming on for hearing, and a jury being expressly waived, is submitted to the court upon the pleadings and evidence after being fully argued by counsel." It further appears from the record that the circuit court allowed the marshal $394.25 of his claim for fees and expenses, and that it rendered a judgment in favor of the United States for the residue of its demand, to wit, for the sum of $382.86. This judgment was entered of record on the 1st day of April, 1893, during the November term, 1892, of the circuit court for the district of Wyoming. That term expired by law prior to the second Monday of May, 1893; but the bill of exceptions was not settled, signed, nor filed until the 22d day of August, 1893. The record fails to show that the time for filing a bill of exceptions was extended to August 22, 1893, by an order made and entered of record at the trial term. It fails to show that it was signed and filed in compliance with a standing rule of the circuit court of the district of Wyoming, or that it was so filed by consent of parties either oral or written. This court has recently held in the case of Railway Co. v. Russell, 60 Fed. 501, that a bill of exceptions which is signed and filed after the lapse of the term at which the judgment is entered does not become a part of the record, and will be ignored, unless it affirmatively appears that it was so signed and filed by consent of parties, or in compliance with a standing rule of court, or an order made and entered of record at the trial term, or unless it appears that the court's control over the record was preserved during the succeeding term by the pendency of a motion for a new trial, as in the case of Woods v. Lindvall, 1 C. C. A. 34, 4 U. S. App. 45, and 48 Fed. 73. It follows, therefore, that the present bill of exceptions constitutes no part of the record, and presents no question which this court is authorized to review. Moreover, the recital found in the present record that a jury was "expressly waived" does not show that a jury was waived by a stipulation in writing, with sufficient certainty to meet the requirements of the decision of the supreme court of the United States in the case of Bond

v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, and of this court in Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158, 160. This latter suggestion, however, is not important, for the reason, above stated, that there is in the present case no bill of exceptions which can operate to bring the testimony or any of the rulings of the trial court upon the record. It follows, we think, in view of numerous federal adjudications, that as an appellate court we are limited in our examination of the case in hand to the single inquiry whether the complaint filed in the circuit court was adequate to support the judgment, and that can hardly be regarded as a debatable question. Bond v. Dustin, supra; Andes v. Slauson, 130 U. S. 435, 438, 9 Sup. Ct. 573; Railway Co. v. Henson, 7 C. C. A. 349, 58 Fed. 531; Merrill v. Floyd, 2 C. C. A. 58, 50 Fed. 849; Walker v. Miller, 8 C. C. A. 331, 59 Fed. 869.

It is apparent from the judgment entry that the circuit court allowed the defendants in error a credit for a large portion of the fees mentioned in the exhibit attached to the defendants' answer; but, as no demurrer was interposed to the plea claiming these credits, there is nothing in the record to indicate that the government contested the marshal's right to such allowances if the services charged for were actually rendered. It follows, therefore, that this court will not undertake to determine whether the fees in question, or any of them, were properly allowed as a credit, inasmuch as it does not appear that an issue of that kind was raised and decided by the trial court. Railway Co. v. Henson, supra; Elliott, App. Proc. §§ 470, 476.

We have already alluded to the fact that the stipulation found in the record does not constitute "an agreed case," because it does not appear that the case was submitted to the court for its decision upon the facts recited in such stipulation. We are accordingly precluded from considering the question whether the judgment is such as ought to have been rendered on the agreed facts, as we might have done if it clearly appeared that the stipulation was intended to state an agreed case according to the practice approved in U. S. v. Eliasson, 16 Pet. 291; also, in Stimpson v. Railroad Co., 10 How. 329, and Burr v. Navigation Co., 1 Wall. 102.

Finding no reversible error in the record, the judgment of the circuit court is hereby affirmed.