CUDAHY PACKING CO. v. SIOUX NAT. BANK OF SIOUX CITY.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1895.)

No. 599.

PRACTICE—WAIVER OF JURY TRIAL—REV. ST. § 649.

A statement contained in a bill of exceptions, that the "cause came on for hearing, and a jury having been impaneled and sworn, and the introduction of evidence having been commenced, by stipulation of parties hereto duly entered, the jury was withdrawn, trial to jury waived," and the cause referred, is insufficient, where the local practice act permits a reference to be ordered on oral consent of the parties in open court, to show that a written stipulation waiving a jury was filed, as required by Rev. St. § 649, or to give the appellate court jurisdiction to review errors committed in the course of the trial. Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158, 12 U. S. App. 635, followed.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

This was a suit which was brought by the defendant in error, the Sioux National Bank of Sioux City, Iowa, against the Cudahy Packing Company, the plaintiff in error, to recover an amount of money which the bank had expended in taking up and paying certain pig tickets that had been issued by the Cudahy Packing Company in payment for hogs by it purchased. For some months prior to April 22, 1893, an arrangement had existed between the Union Loan & Trust Company of Sioux City, Iowa, and the Cudahy Packing Company, by virtue of which the trust company was under an obligation to pay such checks or pig tickets (so termed) as the packing company issued for hogs purchased at the stock yards in Sioux City, Iowa. At the close of each day's business the packing company gave to the trust company a voucher for the total amount of pig tickets issued by the former company during the day, which voucher contained the statement, printed across its face, that "when approved, dated, and signed, this voucher becomes a draft on the Cudahy Packing Company of South Omaha, Nebraska, payable through the

Union Stock Yards National Bank of South Omaha, or the Bankers' National Bank of Chicago, for —— dollars." On Monday, April 24, 1893, the trust company found itself insolvent, and without means to pay pig tickets to the amount of $13,509.52 that had been issued by the packing company the previous Saturday, and would probably be presented to the trust company for payment during the day. It accordingly took the voucher, for $13,509.52, that it had received from the packing company for Saturday's purchases, to the Sioux National Bank, with which it kept an account, and proposed to assign the voucher to the bank, to obtain the money wherewith to pay the outstanding pig tickets, on account of which the voucher had been executed and delivered. The bank assented to the proposition, took an assignment of the voucher, as if it were a draft, and subsequently paid checks drawn on it by the trust company in settlement of pig tickets to the amount of $11,513.62. The Cudahy Packing Company refused to pay the voucher when it was presented to it for payment, claiming that it had funds on deposit with the trust company, when the voucher was assigned to the plaintiff bank, sufficient to meet all outstanding pig tickets by it issued on Saturday, April 22, 1893. The bank thereupon sued the packing company on the voucher, claiming in its complaint that it was, in legal effect, a draft or bill of exchange that had been accepted by the packing company prior to the purchase of the same by the bank. It subsequently, by leave of court, amended its complaint by adding thereto a count for money had and received by the packing company from the bank, to the amount it had expended in paying outstanding pig tickets, to wit, for the sum of $11,513.62. There was a trial before a referee appointed by the court, which resulted in a judgment against the packing company for $12,535. 63 Fed. 805. The present writ of error was brought by the packing company to obtain a reversal of the judgment.

D. A. Holmes (C. H. Lewis and A. L. Beardsley, on the brief), for plaintiff in error.

Asa F. Call (William L. Joy and C. L. Joy, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The first question to be considered is whether the errors assigned upon the record, or any of them, are subject to review by this court. The decision of this question depends upon whether it affirmatively appears from the record that "a stipulation in writing waiving a jury" was filed with the clerk, pursuant to the provisions of section 649 of the Revised Statutes of the United States. It has been so often decided, both by this court and by the supreme court, that an oral stipulation waiving a jury trial, in law cases tried in the federal courts, is not sufficient to authorize an appellate court to review errors committed in the progress of the trial, that we need not stop to repeat what has so often been said on that point. It will suffice to say that if the stipulation waiving a jury is oral, and not in writing, as the statute requires, no question can be considered in such a case by an appellate court, on a writ of error, except the question whether the declaration or complaint is sufficient to support the judgment. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296; Rush v. Newman, 12 U. S. App. 635, 7 C. C. A. 136, 58 Fed. 158; Searcy Co. v. Thompson, 13 C. C. A. 349, 66 Fed. 92; U. S. v. Carr, 19 U. S. App. 679, 10 C. C. A. 80, 61 Fed. 802. The foregoing rule is subject to an exception that was pointed out in Supervisors v. Kennicott,

103 U. S. 554, 556, and is referred to in Bond v. Dustin, supra,—that when a case is presented to the trial court for decision on an agreed statement of all the facts, prepared and signed by counsel, an appellate court, on writ of error, may always determine whether the judgment rendered was such as should have been rendered on the agreed facts. In the present case the only evidence found in the record that a written stipulation waiving a jury was filed is in the following recital contained in the bill of exceptions, to wit:

"This cause came on ror hearing, and a jury having been impaneled and sworn, and the introduction of evidence having been commenced, by stipulation of parties hereto duly entered, the jury was withdrawn, trial to jury waived, and the cause was referred to W. E. Cody, Esq., for the purpose of taking and reporting the evidence, and reporting upon the facts of this case, the same to be submitted to the court upon the report of said referee, and the pleadings."

In no other part of the record do we find any evidence that the stipulation referred to was made otherwise than by word of mouth in open court, and simply noted by the clerk in the record, whereas the fact that the Code of Iowa permits a reference to be ordered in obedience to the oral consent of the parties in open court, entered on the minutes (McClain, Code Iowa, § 4021), renders it extremely probable, in the absence of any written agreement found in the bill of exceptions, that the stipulation referred to in the bill was merely verbal. This latter fact—that the Code of Iowa permits a reference to be made orally—distinguishes the case at bar from Boogher v. Insurance Co., 103 U. S. 90, 97, in which case it was held that a written consent to a reference would be presumed, because by the practice act of the state a case could not be referred without the written consent of the parties thereto. Besides, it was stated by counsel in the course of the argument, and the statement was not challenged, that the agreement to refer was in point of fact made orally in open court, in accordance with the Iowa statute. This court held in Rush v. Newman, supra, that the following statement found in the record, "Both parties in open court having waived a jury, and agreed to trial before the court," was not sufficient to show that the waiver of a jury was in writing. We also took occasion, in the same case, to quote several forms of expression, all of which had been adjudged to be inadequate to show with the requisite certainty that a jury had been waived, in conformity with the federal statute, by a written stipulation. Following our rulings in Rush v. Newman and U. S. v. Carr, supra, and the adjudications therein referred to, we feel constrained to hold that the present record fails to show that the parties dispensed with a jury by a stipulation in writing made and filed with the clerk. While it may, at first blush, seem somewhat overcritical to question the sufficiency of the language employed in the present record to show that a jury was waived by a written agreement, yet the proposition, now well established, that our jurisdiction to review the judgment of the circuit court, in most of the respects whereof complaint is made, depends upon such a written waiver having been filed, renders it imperative that we should scan the record closely to ascertain if

we have any authority to rectify the alleged errors of the trial court. In the brief of counsel for the plaintiff in error, our attention is directed to the case of Paine v. Railroad Co., 118 U. S. 152, 6 Sup. Ct. 1019, as furnishing sufficient authority for a review of all the alleged errors that have been assigned; but, from an examination of the statement in that case, it will be found that a written stipulation waiving a jury was duly signed by the parties and filed. The supreme court accordingly ruled that it could determine whether the judgment was right upon the facts specially found by the referee. The decisions in Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. 393, in Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573, and in a very recent case,—Shipman v. Mining Co., 15 Sup. Ct. 886,—are to the same effect. The case at bar differs from these cases in that the record fails to show that a written waiver of a jury was filed, the result being that we have no jurisdiction to decide whether the judgment was right upon the facts reported by the referee, but must content ourselves with the inquiry whether the declaration is sufficient to sustain the judgment. We have no doubt that it is. As heretofore stated, the declaration contains two counts, one being upon an accepted draft, and the other upon the common count for money laid out and expended for the benefit of the packing company. If the latter count was defective, as contended, because it did not allege that the money in question was expended at the packing company's request, there was certainly no defect in the first count of the declaration. The judgment of the circuit court must accordingly be affirmed.