## DUNCAN v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 17, 1896.)

### No. 237.

1. CIRCUIT COURTS OF APPEAL — REVIEW ON ERROR — STATE STATUTES AND PRACTICE.

The authority of the circuit courts of appeal to review judgments of the circuit courts by writs of error and bills of exceptions is regulated and controlled exclusively by the acts of congress and the rules and practice of the United States courts, without regard to state statutes or practice.

2. APPEAL—FEDERAL COURTS.

The right of review is limited in the appellate courts of the United States to questions of law appearing on the face of the record, and does not extend to matters of fact or discretion.

3. SAME—TRIAL TO COURT—WAIVER OF JURY.

Alleged errors in the rulings of the circuit court at the trial of an action at law without a jury cannot be examined in the circuit court of appeals, unless it affirmatively appears from the record that there was a written stipulation, signed by the respective counsel, waiving a jury, as required by Rev. St. §§ 649, 700.

4. LIBEL—PRIVILEGED COMMUNICATIONS—PLEADINGS BEFORE INTERSTATE COMMERCE COMMISSION.

Alleged libelous statements contained in an answer filed in proceedings before the interstate commerce commission are absolutely privileged, under the California statute, which declares a privileged communication to be "one made * * * in any legislative or ˙judicial proceeding, or in any other official proceeding authorized by law." Civ. Code Cal. § 47.

5. APPEAL—TRANSCRIPT—CERTIFICATE OF CLERK.

The fact that papers not in the judgment roll are in the transcript, and certified by the clerk, does not make them any part of the record on appeal, when they are not brought into the record by any bill of exceptions or agreed statement of facts, or in some other way recognized by the rules or

practice of the federal courts. Suydam v. Williamson, 20 How: 427, followed.

In Error to the Circuit Court of the United States for the Southern District of California.

This was an action at law by Blanton Duncan against the Atchison, Topeka & Santa Fé Railroad Company and the Southern California Railway Company to recover damages for an alleged libel. The case was tried by the court without a jury, and judgment was given for defendants. Plaintiff brings error.

Blanton Duncan, in pro. per.

Wm. J. Hunsaker, for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an action at law to recover $50,000, damages alleged to have been sustained by plaintiff in error by reason of certain alleged libelous statements contained in an answer filed by the defendants in error with the interstate commerce commission, to a complaint instituted by the plaintiff at Washington, D. C., charging that defendants had been guilty of certain infractions of the provisions of the interstate commerce act. A demurrer to the jurisdiction, to misjoinder, and generally to want of cause of action, was overruled, and thereafter an answer was duly filed. After issue thus joined the cause was tried before the court, "a jury having been waived, by special leave of the court, by the oral consent of said counsel for all parties, which consent is hereby entered on the minutes." The court, after hearing the case, found as a fact:

"(3) That all of the allegations of the answer so filed by the defendant, of which the plaintiff in this suit complains, were and are privileged, for which reason it is not necessary to find upon any other issue made by the pleadings herein."

And, as conclusions of law, decided:

"(1) That all of the matters and things herein complained of were and are privileged. (2) That plaintiff take nothing by this action, and that defendants recover of plaintiff their costs and disbursements herein expended."

Judgment was rendered in accordance therewith in favor of defendants, for their costs.

The record, as presented to this court, contains the judgment roll and assignments of error. It also contains a number of other papers which do not constitute any part of the return to a writ of error. It is affirmatively shown by the judgment roll that evidence, both oral and documentary, was introduced on the part of the respective counsel, but there is nothing properly before us to show what this evidence was. There is no bill of exceptions. There is what purports to be a "statement of facts," signed by the plaintiff; but there is nothing to show that it was ever agreed to by counsel, or ever presented to or allowed by the judge.

There are six assignments of error, which may be summarized as follows: (1) The court erred in rendering judgment against

plaintiff on the ground that the allegations in the answer were privileged; (2) that the court erred in treating the interstate commerce commission as a court of civil jurisdiction; (3) that the court erred in denying plaintiff's motion to strike out pleading, and in rejecting a judgment by default tendered by plaintiff; (4) that the court erred in denying plaintiff's motion to strike from the files the answer of defendants; (5) that the court erred in rendering judgment against plaintiff for the sum of $100 counsel fees, under the provisions of an act of the legislature of the state of California (St. Cal. 1871–72, p. 533); (6) that the court erred in not rendering judgment in favor of plaintiff for the sum of $50,000.

Owing to the incomplete record that has been presented, we are first confronted with certain preliminary questions and objections, which involve our jurisdiction, power, and authority to review any of the assignments of error. The authority of this court to review the judgments of circuit courts by writs of error and bills of exceptions is regulated and controlled exclusively by the acts of congress, and the rules and practice of the United States courts, without regard to the state statutes, or the practice of the state courts. Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 553, 9 Sup. Ct. 150; Andes v. Slauson, 130 U. S. 435, 438, 9 Sup. Ct. 573. The right of review is limited, in the appellate courts of the United States, to questions of law appearing on the face of the record, and does not extend to matters of fact or of discretion. No alleged error concerning the rulings of the circuit court at the trial of a cause by the court without a jury can be examined in the circuit court of appeals, unless it affirmatively appears from the record that there was a written stipulation, signed by the respective counsel, waiving a jury, as required by the statutes of the United States. In Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, the court said:

"By the act of March 3, 1865, c. 86, § 4, re-enacted in the Revised Statutes, it is provided that issues of fact in civil cases may be tried and determined by the circuit court, without the intervention of a jury, whenever the parties, or their attorneys of record, file a stipulation in writing, with the clerk of the court, waiving a jury; that the finding of the court upon the facts shall have the same effect as the verdict of a jury; and that its rulings in the progress of the trial, when excepted to at the time, and presented by bill of exceptions, may be reviewed by this court upon error or appeal. 13 Stat. 501; Rev. St. §§ 649, 700. Before the passage of this statute, it had been settled by repeated decisions that in any action at law in which the parties waived a trial by jury, and submitted the facts to the determination of the circuit court upon the evidence, its judgment was valid, but that this court had no authority to revise its opinion upon the admission or rejection of testimony, or upon any other question of law growing out of the evidence, and therefore, when no other error appeared on the record, must affirm the judgment. Guild v. Frontin, 18 How. 135; Kelsey v. Forsyth, 21 How. 85; Campbell v. Boyreau, 21 How. 223. The reason for this, as stated by Chief Justice Taney in Campbell v. Boyreau, was that, 'by the established and familiar rules and principles which govern common-law proceedings, no question of law can be reviewed and re-examined in an appellate court, upon writ of error (except only where it arises upon the process, pleadings, or judgment in the cause), unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties upon a case stated in the nature of a special verdict, stating the facts and referring the questions of law to the court.' 21 How. 226. Even in actions duly referred

by rule of court to an arbitrator, only rulings and decisions in matter of law after the return of the award were reviewable. Thornton v. Carson, 7 Cranch, 596, 601; Alexandria Canal Co. v. Swann, 5 How. 83; York & C. R. Co. v. Myers, 18 How. 246; Heckers v. Fowler, 2 Wall. 123. Since the passage of this statute, it is equally well settled, by a series of decisions, that this court cannot consider the correctness of rulings at the trial of an action by the circuit court without a jury, unless the record shows such a waiver of a jury as the statute requires, by stipulation in writing, signed by the parties or their attorneys, and filed with the clerk. Flanders v. Tweed, 9 Wall. 425; Kearney v. Case, 12 Wall. 275; Gilman v. Telegraph Co., 91 U. S. 603, 614; Madison Co. v. Warren, 106 U. S. 622, 2 Sup. Ct. 86; Alexander Co. v. Kimball, 106 U. S. 623, note, 2 Sup. Ct. 86."

In Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158, 160, the circuit court of appeals said:

"There is in the record what purports to be a special finding of the facts by the court. But the record does not show that the parties, or their attorneys of record, filed with the clerk a stipulation in writing waiving a jury, as required by section 649 of the Revised Statutes of the United States. The recital in the record that 'both parties, in open court, having waived a jury, and agreed to trial before the court,' does not show a compliance with section 649. The following recitals in the record have been held insufficient for this purpose: 'The issue joined by consent is tried by the court, a jury being waived,' and 'the above cause coming on for trial, by agreement of parties, by the court, without the intervention of a jury,' and 'the parties having stipulated to submit the case for trial by the court without the intervention of a jury,' and 'said cause being tried by the court without a jury, by agreement of parties,' and 'upon the trial of this cause before the Hon. S. H. Treat, sitting as circuit judge, a jury being waived by both parties.' * * * The sufficiency of the facts found by the lower court to support the judgment can only be considered by this court when a jury has been waived in writing, as provided in section 649. When a jury has not been thus waived, the facts found by the lower court cannot be noticed by the appellate court for any purpose, and the case stands as though the judgment of the lower court had been rendered on the general verdict of a jury."

See, also, to the same effect, Investment Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377; Spalding v. Manasse, 131 U. S. 65, 9 Sup. Ct. 649; Merrill v. Floyd, 3 C. C. A. 494, 53 Fed. 172; Branch v. Lumber Manuf'g Co., 4 C. C. A. 52, 53 Fed. 849; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 753; Cudahy Packing Co. v. Sioux Nat. Bank, 16 C. C. A. 409, 69 Fed. 782.

From these decisions it necessarily follows that the findings of the circuit court, based upon the evidence in the case, cannot be reviewed by this court. But the general question of law involved in the first and second assignments of error, as to whether or not the allegations in the answer therein referred to were privileged, may be said to arise upon the pleadings. This question may be briefly disposed of. Section 47 of the Civil Code of California declares that "a privileged communication is one made * * * (2) in any legislative or judicial proceeding or in any other official proceeding authorized by law." In Ball v. Rawles, 93 Cal. 222, 236, 28 Pac. 937, the supreme court, in construing this section, said:

"The effect of the provision is to make a complaint, in a court of justice which has jurisdiction of the offense charged, an absolute privilege, for which the complainant is not liable in a civil action. Hollis v. Meux, 69 Cal. 625, 11 Pac. 248."

Tested by the provisions of this statute, the conclusion of law arrived at by the circuit court, "that all of the matters and things herein complained of were and are privileged," and the judgment rendered thereon, were clearly correct; for, conceding that the interstate commerce commission is not a court of civil jurisdiction, it is nevertheless manifest that the pleadings herein complained of were filed in an "official proceeding authorized by law." The general rule of the common law, that no action will lie for defamatory statements made or sworn to in the course of a judicial proceeding before any court of competent jurisdiction, is well established. 13 Am. & Eng. Enc. Law, 407, and authorities there cited; Townsh. Sland. & L. § 221.

The other assignments of error do not relate to any matters appearing in the judgment roll, and could only be made part of the record by a bill of exceptions or an agreed statement of facts, or in some other way which is recognized by the rules or practice of the United States courts. In Suydam v. Williamson, 20 How. 427, 433, the court said:

"When a party is dissatisfied with the decision of his cause in an inferior court, and intends to seek a revision of the law applied to the case in a superior jurisdiction, he must take care to raise the questions of law to be revised, and put the facts on the record for the information of the appellate tribunal; and, if he omits to do so in any of the methods known to the practice of such courts, he must be content to abide the consequences of his own neglect. Evidence, whether written or oral, and whether given to the court or to the jury, does not become a part of the record unless made so by some regular proceeding at the time of the trial, and before the rendition of the judgment. Whatever the error may be, and in whatever stage of the cause it may have occurred, it must appear in the record, else it cannot be revised in a court of error exercising jurisdiction according to the course of the common law."

See, also, Pomeroy v. State Bank, 1 Wall. 592, 600; Baltimore R. Co. v. Trustees, 91 U. S. 127, 130; Redfield v. Iron Co., 110 U. S. 174, 3 Sup. Ct. 570; England v. Gebhardt, 112 U. S. 502, 5 Sup. Ct. 287; Evans v. Stettnisch, 149 U. S. 605, 13 Sup. Ct. 931; Dietz v. Lymer, 10 C. C. A. 71, 61 Fed. 792; Insurance Co. v. Conoley, 11 C. C. A. 116, 63 Fed. 180.

The fact that the papers not in the judgment roll are in the transcript, and certified to by the clerk, does not make them any part of the record on appeal. England v. Gebhardt, supra; Young v. Martin, 8 Wall. 354; Sire v. Air-Brake Co., 137 U. S. 579, 11 Sup. Ct. 195. The transcript of record in this case was prepared in utter disregard of the provisions of the United States statutes in relation to writs of error in cases tried before the court without a jury. There is no assignment of error properly before the court for review. For the reasons herein stated the judgment of the circuit court is affirmed, with costs.