### LEW MOY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 5, 1908.)

No. 1,536.

APPEAL AND ERROR—REVIEW.

Findings of a District Court adverse to the right of a Chinese person to remain in the United States, on his claim of citizenship, cannot be reviewed on a writ of error, where the evidence was not made part of the record by a bill of exceptions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2433, 2434.]

In Error to the District Court of the United States for the Southern District of California.

Henry C. & Oliver Dubble and George L. McKeeby, for plaintiff in error.

Oscar Lawler, U. S. Atty., and A. I. McCormick, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The plaintiff in error was arrested in Los Angeles, Cal., upon a warrant issued by the United States commissioner, based upon a complaint charging the defendant with being unlawfully within the United States, contrary to the provisions of the Chinese restriction acts. It appears that upon the hearing before the commissioner the defendant was represented by counsel, who refused to offer any evidence in his behalf, contending that the defendant was a native-born citizen, and that the burden of proof was upon the United States to show that the defendant was unlawfully in the United States. The commissioner found, upon examination before him, that the defendant was by race, language, color, and dress a Chinese person and a laborer by occupation; that he had failed to establish by affirmative proof to the satisfaction of the commissioner his lawful right to remain in the United States; that he had not made it appear that he was a subject or citizen of any other country than China; and thereupon the commissioner found and adjudged that the defendant was unlawfully within the United States, and that he should be removed and deported from the United States. An appeal was taken to the United States District Court at Los Angeles. It appears from the minutes of the court that, after the denial by the court of a motion

of the United States Attorney to dismiss the appeal, the case was heard de novo. Upon this hearing the depositions of two Chinese witnesses for the defendant, taken before the United States commissioner in San Francisco, were read to the court. The District Court, after hearing this and other testimony, affirmed the findings, order, and judgment of the commissioner, and ordered the deportation of the defendant. The case is brought to this court upon writ of error.

The counsel who appeared for the defendant in this court, being familiar with the practice and the decisions of the courts in these cases, conceded that the points of law and objections urged on behalf of the defendant before the commissioner and in the District Court, as well as the assignments of error on this application for review, were untenable. He, however, contends that the judgment of the District Court should be reversed, and the defendant discharged, on the ground that the two Chinese witnesses whose depositions were read to the court testified that the defendant was born in San Francisco, and that this testimony stands uncontradicted. But this testimony does not appear in the bill of exceptions. The bill contains the evidence in the District Court offered by the United States, to the effect that the defendant was found at work in a hotel kitchen in Los Angeles; that he spoke Chinese, and but very little English; that he presented no certificate of residence showing, or tending to show, his right to remain in the United States; and it was admitted that the defendant was a person of Chinese descent. The bill shows that counsel for the defendant thereupon moved the court for an order dismissing the case and discharging the defendant, upon the ground that the United States had failed to make out a case. This motion being denied, the bill contains the following statement:

"The defendant then introduced evidence to prove his nativity, and the plaintiff thereafter introduced evidence, both oral and documentary, in rebuttal."

What this evidence was does not appear; but the certificate of the court, referring to this evidence, is as follows:

"The foregoing is a statement of the proof made and evidence adduced at, and proceedings had upon, the hearing and trial of this action before me."

The findings of the District Court are:

"(1) That the said defendant, Lew Moy, is a Chinese person, and a person of Chinese descent, and a laborer by occupation.

"(2) That said defendant, Lew Moy, has failed to establish by affirmative proof to the satisfaction of said court, or the judge thereof, his lawful right to be or remain in the United States.

"(3) That the said defendant, Lew Moy, has not made it appear to the said court, or to the judge thereof, that he is a subject or citizen of any other country than China."

These findings are conclusive. The testimony of the two Chinese witnesses relied upon by plaintiff in error was not made a part of the record by the bill of exceptions, and cannot be considered. Suydam v. Williamson, 20 How. 427, 433, 15 L. Ed. 978; England v. Gebhardt, 112 U. S. 502, 505, 5 Sup. Ct. 287, 28 L. Ed. 811; Duncan v. Atchison, T. & S. F. R. Co., 72 Fed. 808, 812, 19 C. C. A. 202. The fact

that the depositions are in the transcript does not make them part of the record on writ of error. Suydam v. Williamson, supra; Duncan v. Atchison, T. & S. F. R. Co., supra. But, if they be deemed a part of the record, the sufficiency of the evidence to justify the findings cannot be reviewed upon this writ of error. The certificate of the court is that, after the defendant had introduced evidence to prove his nativity, the plaintiff (the United States) introduced evidence, both oral and documentary, in rebuttal. The presumption is that this evidence in rebuttal was sufficient to justify the findings.

The judgment and order of the District Court is affirmed.