### MUNICIPAL EXCAVATOR CO. v. SIEDHOFF.

(Circuit Court of Appeals, Eighth Circuit. October 4, 1926.)

No. 7154.

**1. Courts ⊜314.**

Record showing plaintiff was citizen of Kansas and defendant was corporation of Oklahoma, with additional defendant mere nominal party, *held* to sufficiently disclose jurisdiction of federal court.

**2. Judgment ⊜248.**

Complaint and findings *held* to support judgment for contractor against excavation company for amounts paid for upkeep of trenching machine under contract requiring excavation at stated amount per yard.

**3. Courts ⊜406(1).**

Circuit Court of Appeals cannot review evidence in law action tried to court without jury, but with aid of referee, in absence of written stipulation waiving jury, as provided by Comp. St. § 1587.

**4. Appeal and error ⊜849(1).**

Statement, in trial court's opinion overruling motion for new trial, that action was referred to referee, jury being waived, *held* not sufficient compliance with Comp. St. § 1587, relative to waiving jury.

**5. Appeal and error ⊜850(2).**

Only question open for review of law action tried to court without jury, without written waiver as required by Comp. St. § 1587, is whether complaint and special findings support judgment.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by George H. Siedhoff, doing business under the firm name and style of the George H. Siedhoff Construction Company, against the Municipal Excavator Company and another, removed to federal court.

Judgment for plaintiff, and defendant named brings error. Affirmed.

James S. Twyford, of Oklahoma City, Okl. (Benjamin F. Hegler, of Wichita, Kan., and Solon W. Smith, of Oklahoma City, Okl., on the brief), for plaintiff in error.

A. L. Noble, of Wichita, Kan. (W. A. Ayres, Hal M. Black, and C. A. McCorkle, all of Wichita, Kan., on the brief), for defendant in error.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment affirming the report of a referee, which awarded recovery to defendant in error, plaintiff below, in an action on contract. The action was commenced in the state district court of Sedgwick county, Kan., by defendant in error against plaintiff in error and Lillian L. Derr. The defendants removed the cause to the United States District Court for the District of Kansas, on the ground of diversity of citizenship.

[1] Neither in the pleadings nor in the removal papers do jurisdictional facts sufficiently appear; but no question of jurisdiction was raised by the parties in the court below or in this court. From the record, and from the findings of the referee, however, it appears that plaintiff, Siedhoff, was a resident and citizen of the state of Kansas; that defendant Municipal Excavator Company is a corporation organized under the laws of the state of Oklahoma; that defendant Derr is a mere nominal party, and had nothing to do with the transaction in controversy. We have therefore concluded that, upon the whole record, jurisdiction is sufficiently disclosed.

[2] The complaint as amended alleged: That plaintiff, under the name of the George H. Siedhoff Construction Company, entered into a contract with the city of Wichita, Kan., for the construction of a sewer; that by the terms of the contract the company was to furnish labor and material, except concrete pipe. The company was to furnish and maintain machinery, tools, and equipment. The cost was estimated not to exceed $214,000. The city was to pay the company the actual cost of labor and material, pay for the concrete pipe, and pay the rental charge for a trenching machine employed in the work, provided the charge for such machine was agreed to in writing and approved by the city manager before the work should proceed. The city was to pay also $20,000 to the company for its services and equipment, and, if the entire cost was less than $214,000, the difference was to be divided between the company and the city; if the cost exceeded $214,000, the company was to pay all the excess cost.

The complaint further alleged that the company made an oral contract with the Municipal Excavator Company for the use of a trenching machine; that the agreed rental was 20 cents per cubic yard of earth excavated; that this rental covered the cost of transportation, setting up, dismantling, repairing, and maintaining such trenching machine, but the labor for operating the machine was to be paid for, like other labor; that the excavator company was to have general supervision of the whole work and employ the labor; that a bookkeeper, acting jointly for the construction company and the excavator company was to keep all accounts and records, and his salary was to be part of the cost of construction; that, if the total cost of the sewer should be less than $214,000, the excavator company was to have the one-half of the saving which by the contract with the city was to go to the construction company.

The complaint further alleged that a special bank account was opened by the parties, in which was placed all moneys paid by the city; that Charles Derr, representing the excavator company, checked out the moneys of said account; that the excavator company entered upon the performance of said contract, but did not complete the same; that the excavator company checked out of the special bank account all the moneys placed therein which came from the city, and $2,934.73 which the construction company had placed therein; that the construction company was obliged to complete the construction, which it did at a total cost for the sewer of more than $227,000, not including the $20,000 fee for the construction company; that the excess cost was due to improper charges by the excavator company—among others, charges for the repairs and replacements on the trenching machine, amounting to $10,039.39, labor charges in making said repairs and replacements, $3,000, and padding of pay roll, $5,000; that these and other payments were in violation of the terms of the contract, and that by reason thereof, and by reason of the appropriation by the excavator company of a back-filler purchased at the joint expense of the construction company and the excavator company at the

cost of $3,840, the excavator company was indebted to plaintiff in the sum of $24,313.

The excavator company in its answer set up a general denial; also a cross-petition, in which it alleged that the excavator company had originally proposed to the construction company a contract which provided a rental for the trenching machine of 15 cents per cubic yard, but the upkeep, etc., was to be paid as part of the expense of the work; that this proposal was not approved by the city manager; that thereafter the construction company had proposed a contract which provided a rental for the trenching machine substantially as alleged in plaintiff's complaint; that the excavator company would not agree to said proposed contract; that thereafter it was agreed that the work should be done under the original proposal, but that the excavator company should turn in estimates for the construction company to the city at 20 cents per cubic yard, as if the same had been figured under the second proposal; and the cross-petition further alleged that "the said Siedhoff agreed that, if the extra five cents per cubic yard did not take care of the expenses for the upkeep of the trenching machines and repairs and other expenses incidental to the construction of said sewer ditch, which were to be taken care of by the said George H. Siedhoff Construction Company, corporation, as provided in Exhibit A [the first proposal], the said George H. Siedhoff Construction Company, corporation, would pay said expenses"; that both parties agreed to this arrangement; and that thereafter the excavator company proceeded to excavate the ditch.

The cross-petition further alleged that, after crediting the construction company with the moneys received from the city under the contract, there was still due from the construction company to the excavator company, for repairs, upkeep, etc., of tools and the trenching machine, $8,132.37.

The construction company, in its reply, denied the allegations of the cross-petition. With the issues thus formed, the following order was entered in the cause:

"Now on this 25th day of September 1922, the plaintiff appearing by its attorneys, Noble, Ayres, Black & McCorkle, and the defendants by their attorney, Benj. F. Hegler, upon motion of the defendants in open court, the plaintiff consenting thereto, it is ordered that Hon. Thos. C. Wilson be appointed referee and auditor herein, and that the said cause be referred to him generally, to take the testimony, examine the accounts of the parties, and make and file a report to the court, setting forth in said report separate findings of fact and conclusions of law as to each of the issues herein, both of law and fact. The said findings of said auditor and referee are to be subject to review and modification by the court. The auditor is hereby authorized to employ a stenographer to take the testimony, and the fees of the stenographer and auditor shall be taxed as part of the costs."

Thereafter the referee made his report, including findings of fact and conclusions of law. He found the making of the contract between the city and the construction company; the making of the proposal by the excavator company to the construction company for furnishing the trenching machine and doing the work called for by the city contract. The referee then found as his fifth finding:

"That this proposition [of the excavator company to the construction company] was submitted by the plaintiff to the city manager, who disapproved of the stated terms as to compensation to be paid for excavating and use of trenching machine, and who required that a price per yard for excavation be made, which should cover all cost of transportation and repairs and upkeep of trenching machine or machines, and that only the operating expense thereof be paid by the contractor in addition, and thereupon a price of 20 cents per cubic yard of excavation was agreed upon between the city, the plaintiff, and Mr. Derr, representing the excavator company, but no written contract was ever made between the parties on the subject."

The referee found further that the estimates paid by the city failed to take care of the expense of the contract, and that Siedhoff was called on from time to time to advance money, and that finally he took active management of the work and completed the same. The referee further found:

"On final settlement there were certain extras allowed by the city over and above the contract price of $214,000, amounting to $2,173.43, so that the city paid for the job the sum of $216,173.43, of which sum $122,465.98 was paid to the contractor on estimates and went into the bank account aforesaid, and the remainder of $93,000 or $94,000 was paid out by the city direct to parties furnishing material or labor and this included the cost of the sewer pipe, and at the time of the hearing all of the $122,465.98 paid by the city had been actually paid out by the contractor in performance of the contract and $3,966.67 in addition, of which

sum the plaintiff had advanced $2,966.67 in cash, and the excavator company $1,000, and the plaintiff has received none of the agreed contractor's fee of $20,000, and there were no profits to divide between the city on the one hand and the plaintiff and the excavator company on the other. * * *

"Your referee and auditor further finds that the defendant excavator company is indebted to the plaintiff in the net amount of $5,485.06, arrived at as follows: Upkeep and parts on trenching machine, $2,830.40; time paid machine crew for upkeep, $1,917.71; one-half interest in back-filler, $1,486.06; truck rentals, drivers' wages, etc., improperly collected by defendant, $1,316.54; total, $7,550.71. Less credit of amount found in paragraph XVI, $2,065.65. Balance due plaintiff from defendant, $5,485.06. * * *

"Your referee therefore concludes that plaintiff should have and recover from the defendant, Municipal Excavator Company, the sum of $5,485.06, with interest from the 15th day of May, 1920, at the rate of six per cent. per annum, and the costs of this action."

Plaintiff moved the court to confirm the report and findings of the referee. Defendant filed numerous exceptions to the report and findings, and moved the court to set aside all of the findings to which exceptions were made, and to substitute findings proposed by the defendant. Among the exceptions was the following:

"The defendant Municipal Excavator Company objects and excepts to the fifth special finding, for the reason that the facts as found in said finding are not supported by the evidence, but are contrary to the evidence. Defendant moves to substitute therefor its requested finding of fact No. 6, which it requested of the referee."

The court overruled the exceptions of the defendant, and ordered judgment for plaintiff in accordance with the findings of the referee. Motion for new trial was made and denied.

In the order overruling the exceptions of the excavator company to the report and findings of the referee are the following rulings:

"The court finds that all of the objections and exceptions of the Municipal Excavator Company to the special findings of the referee should be overruled, and that judgment should be rendered in favor of the plaintiff and against the defendant in accordance with the recommendation of the referee in such report filed on December 4, 1923, to which findings of the court the de-

fendant, the Municipal Excavator Company, then and there duly excepted and still excepts. * * *

"(1) That the exceptions of the defendant, the Municipal Excavator Company, to the fifth special finding of the referee be overruled, to which ruling of the court the said defendant then and there duly excepted, and still excepts.

"(2) That the motion of the said defendant to substitute for said fifth special finding its requested finding of fact No. 6 be overruled, to which ruling of the court the said defendant then and there duly excepted, and still excepts. * * *

"(21) That the motion of the said defendant to set aside all of the findings of the referee, to which said defendant excepted, and to substitute [therefor] the special findings requested of the referee, and which were refused by the referee, which special findings are attached to the said exceptions of the said defendant to the said referee's report and marked Exhibit A, and made a part thereof, and numbered 1 to 20, inclusive, and said defendants' motion to require the court to make additional findings requested in said exceptions to said report, be overruled, to which ruling of the court the said defendant then and there duly excepted, and still excepts."

The assignments of error relied upon in this court challenge the fifth finding of the referee (set out above), confirmed by the court, as to what the contract between the parties really was. It is the contention of plaintiff in error that the challenged finding is contrary to the preponderance of the evidence and is not supported by any substantial evidence.

[3, 4] On the record submitted, this court is not authorized to make the review sought. The case, a law action, was tried to the court without a jury, but with the aid of a referee. The record does not show that a written stipulation waiving a jury was filed as provided by section 649, R. S. (section 1587, C. S.). There is a statement in the opinion of the trial court overruling the motion for a new trial that the action was referred to a referee "a jury to try the action being waived by the parties." This is not a sufficient compliance with the statute. Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; Rush v. Newman, 58 F. 158, 7 C. C. A. 136 (C. C. A. 8); United States v. Carr, 61 F. 802, 10 C. C. A. 80 (C. C. A. 8); Cudahy Packing Co. v. Sioux Nat. Bank, 69 F. 782, 16 C. C. A. 409 (C. C. A.

8); Ford v. United States, 260 F. 657, 171 C. C. A. 421 (C. C. A. 8).

[5] Upon this state of the record the question of the sufficiency of the evidence is not open to review by this court. The only questions open for review upon such a record are whether the complaint is sufficient to support the judgment, and whether the special findings support the judgment Bond v. Dustin, supra; Roberts v. Benjamin, 124 U. S. 64, 71, 8 S. Ct. 393, 31 L. Ed. 334; Shipman v. Straitsville Mining Co., 158 U. S. 356, 361, 15 S. Ct. 886, 39 L. Ed. 1015; Cudahy Packing Co. v. Sioux Nat. Bank, 75 F. 473, 21 C. C. A. 428 (C. C. A. 8); City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57.

The allegations of the complaint heretofore given, and the findings of the referee adopted by the court, above set out, in our opinion, clearly show that both the complaint and the findings support the judgment. On the record submitted, we think there could not properly be, and we understand there is not, any contention to the contrary.

Judgment affirmed.